BANKS v DETROIT POLICE DEPARTMENT

Docket No. 114831. Submitted February 12, 1990, at Detroit. Decided April 3, 1990.

Officers of the City of Detroit Police Department, as part of a drug investigation, executed a warrant for the search of Alfonso Banks' house. The police seized several items of jewelry, several firearms and $524 in cash. No forfeiture or criminal proceedings ensued after the seizure. Banks filed an action against the Detroit Police Department, seeking the return of the items seized. In response, defendant contended that (1) plaintiff lacked standing to seek the return of several of the articles confiscated because plaintiff had stated that they belonged to others, (2) a return of the firearms is precluded under a federal statute which makes it unlawful for a person who, like plaintiff, has been convicted of a crime punishable by imprisonment for more than one year to transport a firearm, or receive a firearm which has been transported, in interstate commerce, and (3) a return of the those handguns which are unregistered is precluded by an ordinance of the City of Detroit and by state law. The trial court, Louis F. Simmons, Jr., J., granted summary disposition in favor of defendant, ruling that there existed no genuine issues of material fact and defendant was entitled to judgment as a matter of law. Plaintiff appealed.

The Court of Appeals *held:*

1. Because no criminal or forfeiture proceedings are pending or contemplated, plaintiff is entitled to the return of the property unless there is a lawful reason to deny him its return. It is not incumbent upon plaintiff to establish his ownership of the articles; rather the burden falls upon defendant, which cannot, in the absence of competing claimants to the property, retain the property solely upon a belief that it could be held liable for misdelivery.

2. Defendant may not retain the firearms by virtue of the

REFERENCES

Am Jur 2d, Searches and Seizures §§ 116-119; Weapons and Firearms §§ 24, 25, 31.

See the Index to Annotations under Conviction; Search and Seizure; Weapons and Firearms.

federal statue described above, 18 USC 922(g), without first having instituted forfeiture proceedings within the time period prescribed by statute and without having established a violation of the statute. Accordingly, plaintiff may designate a person to whom they can be returned.

3. Detroit Ordinances, § 38-10-61 provides that all pistols carried or possessed contrary to the provision of the City of Detroit's code of ordinances or state or federal law are declared contraband and are forfeited to the Detroit chief of police. State law requires a purchaser of a pistol to obtain a license and provides that it is a misdemeanor to purchase a pistol without a licence. Under state law, a purchaser of a pistol is one who receives a pistol by purchase, gift or loan. Thus, a return of those handguns seized which are unregistered is precluded under the ordinance. However, those firearms which are not contraband may be returned to their owners or to a person designated by plaintiff.

Affirmed in part, reversed in part, and remanded.

1. SEARCHES AND SEIZURES — RETURN OF ITEMS SEIZED.

In the absence of criminal or forfeiture proceedings, an individual from whom personal property was seized in the execution of a search warrant is entitled to the return of the property unless there is a lawful reason for denying its return; it is not incumbent on the person from whom property was taken to establish his ownership of the article; rather the burden falls upon the seizing authority, which cannot retain the property solely upon a belief that it could be held liable for misdelivery where there are no competing claimants to the property.

2. WEAPONS — FIREARMS — CONVICTED FELONS.

A firearm seized from a person previously convicted of a crime punishable by imprisonment of more than one year may not be retained by the seizing authority on the basis of the federal statute which makes it unlawful for convicted felons to possess firearms unless forfeiture proceedings are instituted and a violation of the statute is established (18 USC 922[d][1] and [g], 924[d]).

3. WEAPONS — PISTOLS — DETROIT ORDINANCES.

A pistol in possession of one who received it by purchase, gift or loan without obtaining a license may be subject to the ordinance of the City of Detroit that provides that all pistols carried or possessed contrary to the provisions of the Detroit code of ordinances or state or federal law are contraband and are forfeited to the Detroit chief of police (Detroit Ordinances,

§ 38-10-61, MCL 28.422, 750.222, 750.232a; MSA 28.92, 28.419, 28.429[1]).

*Paul F. Doherty,* for plaintiff.

*Donald Pailen,* Corporation Counsel, *Brenda E. Braceful,* Supervising Assistant Corporation Counsel, and *Mary Rose Prost, Reginald Glenn Dozier, John J. O'Neill, Jacqueline S. DeYoung* and *Louis W. Feurino,* for defendant.

Before: HOLBROOK, JR., P.J., and HOOD and R. B. BURNS,* JJ.

PER CURIAM. Plaintiff brought this action to recover property confiscated by defendant pursuant to a search warrant. Plaintiff moved for summary disposition on the complaint pursuant to MCR 2.116(C)(10). The trial court denied plaintiff's motion and granted summary disposition in favor of defendant. Plaintiff appeals, and we reverse in part and affirm in part.

Defendant's police officers executed a search warrant on February 19, 1987, at plaintiff's house. The search was conducted by the narcotics section in an effort to locate drugs and other related items. Over twenty items were seized for being within plaintiff's control, including several items of jewelry, several firearms and $524 in cash. No forfeiture or criminal proceedings were ever brought against plaintiff. However, defendant has retained all the items seized. Although defendant claims it has offered to return some of the items, it has refused to return items which it contends plaintiff stated belonged to others. Further, defendant argues that plaintiff is a convicted felon and

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

is prohibited from possessing firearms under federal law.

Plaintiff brought the instant action seeking the return of all the items seized. After several proceedings below, the trial court denied plaintiff's motion for summary disposition and granted summary disposition to defendant.

Because no criminal or forfeiture proceedings are pending or contemplated, plaintiff is entitled to the return of the property unless there is a lawful reason to deny him its return. See *People v Washington,* 134 Mich App 504, 511; 351 NW2d 577 (1984), lv den 419 Mich 913 (1984). Defendant has the burden of proof to establish a lawful reason for denying the return of the property to the person from whom it was seized. *Id.; In re Property Held by the Detroit Police Dep't,* 141 Mich App 302, 307; 367 NW2d 376 (1985). Defendant makes several arguments in an attempt to establish a lawful reason.

First, defendant contends that plaintiff lacks standing to seek the return of several of the articles confiscated because plaintiff has stated that some of the articles belong to family members, friends or a neighbor. We disagree.

In *People v Rosa,* 11 Mich App 157, 161; 160 NW2d 747 (1968), aff'd 382 Mich 163; 169 NW2d 297 (1969), a panel of this Court discussed the state's right to retain property seized in an illegal search:

> A similar illegal seizure of cash was faced and decided under the principles of the 4th Amendment in *Berkowitz v United States,* (CA 1, 1965), 340 F2d 168 (8 ALR3d 463). It was stated in that opinion that the basic concept of our American system incorporated in the 4th Amendment is that men have the right to be left in possession of their property unless valid authority for disturbing that

> possession can be shown to be based upon law. No complicated questions of title will be faced, as all that need be decided concerning seized property is the superior right of possession as between the seizing authority and the one from whom the property was seized. As pointed out in *Berkowitz,* this does not mean that an accused is entitled to receive possession of contraband of which the mere possession is *per se* contrary to public policy. In the case of the seizure of noncontraband property, public policy against the unconstitutional seizure of property is so strong as not to allow undue vexation or delay in recovering property wrongfully seized.

See also *Oakland Co v Bice,* 386 Mich 143, 151-152; 191 NW2d 338 (1971).

It is not incumbent on the person from whom property is taken to establish his ownership of the article; rather, the burden falls upon the seizing authority. Defendant's argument regarding plaintiff's "standing" and lack of ownership is an attempt to reverse the burden of proof in this matter. The real question is whether defendant can lawfully retain the property. In the absence of a right to retain the property, the property must be returned to the person from whom it has been taken, absent proof of some better right to possession. *Id.; Washington, supra,* pp 511-512. Defendant cannot retain the property without authority under law solely upon a belief that it could be held liable for misdelivery. Defendant's potential liability is irrelevant where it cannot show the existence of conflicting claimants. See *In re Property, supra,* pp 307-308. Thus, defendant's "standing" argument must fail.

Second, defendant contends it can deny a return of the firearms confiscated from plaintiff pursuant to 18 USC 922(g), which declares it unlawful for a person convicted of a crime which is punishable by

imprisonment for more than one year to transport a firearm, or receive a firearm which has been transported, in interstate commerce. However, defendant seeks to retain the firearms without first bringing forfeiture proceedings. See 18 USC 924(d). Due process would require that plaintiff be entitled to a hearing before the guns are confiscated permanently.[1] While defendant cannot turn over the firearms to plaintiff directly, 18 USC 922(d)(1), defendant also cannot retain the firearms without having instituted forfeiture proceedings in the time period prescribed, and establishing a violation of the statute. Accordingly, plaintiff may designate an individual to receive the guns or produce the owners of the guns to reclaim them.[2]

Last, defendant contends that the unregistered handguns were forfeited, and therefore not returnable to plaintiff, because of both state and local laws. Detroit Ordinances, § 38-10-61 provides:

> All pistols carried or possessed contrary to the provisions of this Code or state or federal law are hereby declared contraband and are forfeited to the chief of police to be disposed of in accordance with state law.

MCL 28.422; MSA 28.92 requires a purchaser of a pistol to obtain a license, and MCL 750.232a; MSA 28.429(1) provides that it is a misdemeanor to purchase a pistol without obtaining a license. A purchaser is one who receives a pistol by purchase,

---

[1] An essential element of due process is that a person shall not be deprived of property without prior notice and an opportunity to be heard. *Blue Cross & Blue Shield of Michigan v Ins Comm'r*, 179 Mich App 246, 252; 445 NW2d 215 (1989).

[2] We again point out to plaintiff, as did the panel in a previous case involving plaintiff (*People v Banks*, unpublished opinion per curiam of the Court of Appeals, decided May 11, 1987 [Docket No. 93546]), to be mindful of *United States v Robbins*, 579 F2d 1151 (CA 9, 1978).

gift or loan. MCL 750.222; MSA 28.419. Accordingly, reading the above provisions together, the unregistered handguns are contraband and defendant does not have to return them to the plaintiff. Plaintiff is not entitled to the return of contraband. *Rosa, supra,* p 161.

The order of January 4, 1989, is vacated in part. Plaintiff is entitled to the return of all noncontraband property as set forth above. Plaintiff can designate a receiver or produce the owners of firearms that are not contraband.

Affirmed in part, reversed in part and remanded to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction.