PEOPLE v MINCH

Docket No. 301316. Submitted December 14, 2011, at Grand Rapids.
    Decided December 20, 2011, at 9:05 a.m. Reversed, 493 Mich 87.

Kurtis R. Minch pleaded guilty in the Muskegon Circuit Court to
    charges of possessing a short-barreled shotgun, MCL 750.224b,
    and possessing a firearm during the commission of a felony, MCL
    750.227b. The trial court, Timothy G. Hicks, J., granted defen-
    dant's motion for the return of numerous firearms that were not
    contraband and had been seized during a police raid of his home
    and ordered the police department to return the firearms to his
    designee. The prosecution appealed this order by leave granted.

The Court of Appeals *held*:

Allowing the police department to deliver the noncontraband
    firearms to defendant's designee would not violate MCL
    750.224f(2), which prohibits a person convicted of a specified
    felony from, among other things, distributing a firearm unless
    certain conditions have been met. A criminal defendant is entitled
    to the return of his or her property after the underlying case is
    concluded unless there is a lawful reason to deny its return.
    Denying defendant's designee the right to take possession of the
    weapons when they were not the subject of a forfeiture proceeding
    would deprive defendant of his property without due process of
    law.

Affirmed.

CRIMINAL LAW — WEAPONS — RETURN OF SEIZED ITEMS — DUE PROCESS.

A criminal defendant is entitled to the return of property seized in
    connection with his or her case after the case is concluded unless
    there is a lawful reason to deny its return; a police department's
    return of noncontraband firearms to a defendant's designee does
    not violate MCL 750.224f(2).

*Bill Schuette*, Attorney General, *John J. Bursch*,
Solicitor General, *Tony Tague*, Prosecuting Attorney,
and *Charles F. Justian*, Chief Appellate Attorney, for
the people.

*Nolan Law Offices, PLLC* (by *Kevin J. Wistrom*), for defendant.

Before: HOEKSTRA, P.J., and K. F. KELLY and BECKERING, JJ.

PER CURIAM. The prosecution appeals by leave granted an order of the trial court directing the Fruitport Police Department to turn certain firearms over to defendant's designee, Carol L. Cutler, who is also his mother. We affirm.

### I. BASIC FACTS AND PROCEDURAL HISTORY

Defendant pleaded guilty to one count of possession of a short-barreled shotgun, MCL 750.224b, and one count of possessing a firearm during the commission of a felony, MCL 750.227b. The trial court granted defendant's motion for the return of 86 noncontraband firearms seized during a police raid of defendant's home and ordered the Fruitport Police Department to return the firearms to defendant's designee—his mother, Carol L. Cutler. The police initially seized 87 firearms from defendant, but only one firearm, the short-barreled shotgun, was illegal to possess. The prosecution did not bring forfeiture proceedings, nor did it intend to do so in the future.

We granted the prosecution's emergency application for leave to appeal, *People v Minch*, unpublished order of the Court of Appeals, entered December 1, 2010 (Docket No. 301316), as well as the prosecution's motion to stay enforcement of the trial court's order pending the resolution of this appeal, *People v Minch*, unpublished order of the Court of Appeals, entered November 29, 2010 (Docket No. 301316).

II. ANALYSIS

Under the felon-in-possession statute, MCL 750.224f, it is illegal for defendant to possess or distribute firearms. The prosecution argues that allowing the police to deliver the firearms to Cutler would be akin to allowing defendant to distribute them and that this action should be barred under MCL 750.224f. We disagree. We review de novo the interpretation and application of statutes. *People v Waclawski*, 286 Mich App 634, 645; 780 NW2d 321 (2009).

MCL 750.224f(2) provides, in relevant part:

A person convicted of a specified felony[1] shall not possess, use, transport, sell, purchase, carry, ship, receive, *or distribute* a firearm in this state until all of the following circumstances exist:

(a) The expiration of 5 years after all of the following circumstances exist:

(*i*) The person has paid all fines imposed for the violation.

(*ii*) The person has served all terms of imprisonment imposed for the violation.

(*iii*) The person has successfully completed all conditions of probation or parole imposed for the violation.

(b) The person's right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm has been restored pursuant to section 4 of Act No. 372 of the Public Acts of 1927, being section 28.424[2] of the Michigan Compiled Laws. [Emphasis added.]

---

[1] A "specified felony" under the statute includes a felony for the unlawful possession or distribution of a firearm. MCL 750.224f(6)(*iii*). In this case, defendant's possession of a short-barreled shotgun offense or his felony-firearm offense qualifies as a "specified felony."

[2] MCL 28.424 allows a person to apply to the county concealed weapon licensing board in his or her county of residence for a restoration of these rights.

Our primary obligation when interpreting a statute is to ascertain the intent of the Legislature from the plain language of the statute and to give effect to that intent. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). "When interpreting statutes, this Court looks to the plain meaning of terms unless those terms are defined within the statute." *People v Osby*, 291 Mich App 412, 415; 804 NW2d 903 (2011). " '[A] court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself.' " *People v Breidenbach*, 489 Mich 1, 10; 798 NW2d 738 (2011), quoting *People v Davis*, 468 Mich 77, 79; 658 NW2d 800 (2003). The Legislature is presumed to have intended its plain meaning, and this Court should enforce unambiguous statutes as written. *People v Patton*, 285 Mich App 229, 234; 775 NW2d 610 (2009).

The Michigan Penal Code does not specifically define "distribute" in the context of firearms violations. We may therefore consult a dictionary to determine the meaning of "distribute." See *People v Haynes*, 281 Mich App 27, 29; 760 NW2d 283 (2008). The definition of "distribute" includes "deliver." Black's Law Dictionary (9th ed); *Random House Webster's College Dictionary* (1997). The prosecution argues that if defendant is permitted to authorize the police department to dispose of the weapons on his behalf, the department would effectively be acting as defendant's agent when it delivers the weapons to Cutler. However, the prosecution's position fails to account for defendant's due-process rights or previous decisions of this Court. The Fruitport police have not instituted forfeiture proceedings, nor have they asserted that forfeiture proceedings would be proper. Therefore, denying defendant's designee the right to take possession of the weapons would deprive defendant of his property without due process of law.

*Banks v Detroit Police Dep't*, 183 Mich App 175, 180; 454 NW2d 198 (1990); *People v Oklad*, unpublished opinion per curiam of the Court of Appeals, issued March 3, 2000 (Docket No. 206589).[3]

A criminal defendant is entitled to the return of his or her property after the case is concluded unless there is a lawful reason to deny its return. *Banks*, 183 Mich App at 178. The party seeking to retain the property "has the burden of proof to establish a lawful reason for denying the return of the property to the person from whom it was seized." *Id.* However, while criminal defendants are entitled to the return of property that is legal to possess, they are not entitled to the return of contraband. *Id.* at 181. Likewise, criminal defendants are not entitled to property that has been forfeited. See *id.* at 178.

In *Banks*, this Court addressed an issue similar to the one raised in this appeal, although it was decided under the federal felon-in-possession statute, not the Michigan felon-in-possession statute. *Banks*, 183 Mich App at 179-180. In *Banks*, police officers had seized various items from the plaintiff while executing a search warrant, including firearms that were not illegal to possess. *Id.* at 177. The Detroit Police Department did not institute forfeiture proceedings against the seized property. *Id.* at 180. The plaintiff, who had been convicted on felony charges in a previous criminal proceeding, sought return of his property, including the firearms, to a designated third party. *Id.* at 177-178. The police department opposed his request with regard to the firearms because the plaintiff was a convicted felon and,

---

[3] While an unpublished opinion has no precedential value, this Court may follow the opinion if it finds the reasoning persuasive. See *People v Green*, 260 Mich App 710, 720 n 5; 680 NW2d 477 (2004); MCR 7.215(C)(1).

as such, was prohibited by federal law from possessing or transporting firearms.[4] *Id.* at 179-180. This Court acknowledged that under the federal felon-in-possession statute, the plaintiff could not himself possess or transfer the firearms; however, it concluded that allowing the police to retain possession of the firearms without having instituted forfeiture proceedings would violate the plaintiff's due-process rights. *Id.* at 180. Accordingly, this Court allowed the plaintiff to designate someone to receive the firearms, even though it would have been illegal for the plaintiff to transfer or possess them. *Id.*

While *Banks* addressed the federal felon-in-possession statute, this Court applied the holding in *Banks* to Michigan's felon-in-possession statute in *Oklad*, in which police officers had seized guns and illegal contraband from the defendant's home. *Oklad*, unpub op at 2-3. As with the firearms seized in *Banks*, the firearms seized were not illegal to possess and were not the subject of forfeiture proceedings. *Id.* at 3-4. The defendant, who was a convicted felon, moved for the return of his firearms, arguing that withholding the guns was a deprivation of property without due process. *Id.* at 3. The prosecution objected to the return of the firearms, citing MCL 750.224f and arguing that it would be illegal for the defendant to possess them because of his status as a convicted felon. *Id.* Consistently with its holding in *Banks*, this Court held that although the defendant could not legally possess, use, transport, or distribute the firearms, he was nonetheless entitled to designate an individual to receive them. *Id.* at 4. This Court determined that if the firearms

---

[4] Under 18 USC 922(g), convicted felons are prohibited from possessing or transporting firearms that affect or have been transported in interstate commerce.

were not the subject of forfeiture proceedings, the police lacked a valid reason to retain possession of them and, therefore, due process required that the firearms be returned to the defendant's designee. *Id.* at 3-4.

The prosecution attempts to distinguish these cases by arguing that defendant's due-process rights are not implicated because the Fruitport Police Department is not seeking to retain the firearms permanently. However, the prosecution explains neither what the department will do with the firearms if it does not deliver them to Cutler nor how any other action could be consistent with defendant's due-process rights. It fails to acknowledge that any other action the department could take, whether it be selling the weapons, melting them down, or retaining possession of them permanently, could only be accomplished through a forfeiture proceeding. The trial court did not err by ordering the Fruitport Police Department to deliver the firearms to defendant's designee.

Affirmed.

HOEKSTRA, P.J., and K. F. KELLY and BECKERING, JJ., concurred.