J. Kenneth Serve, J.
The defendant has been indicted for illegal possession of a firearm, in violation of subdivision 4 of section 1897 of the Penal Law. Prior to trial, the defendant made a motion to suppress the use of the firearm as evidence because he claims the arresting officers seized it as the result of an illegal search and seizure. In said motion, defendant requested that the seized firearm be returned to him.
A hearing was held on the motion, and the testimony disclosed that on July 14, 1962, at about 1:30 a.m., in a rural section of Orleans County, defendant was parked in his automobile without lights, on the side of the highway. The defendant claimed his parking lights were on, and he had just stopped his car and stepped out for a moment, and then returned to his car. As two *34 members of the State Police came along in a patrol car, they noticed the defendant’s parked automobile. A short time prior to July 14, 1962, a burglary had occurred in the vicinity where the defendant’s car was parked, and the officers drove up toward the defendant’s vehicle for the purpose of making a check. When the patrol car came near to the defendant’s car, the lights on the defendant’s car came on, and the car started to pull from the side of the road toward the travel portion of the highway. The officers drove up along side of the defendant’s car, and by the use of a lighted flashlight, signaled the defendant to stop, which the defendant did. The officers got out of their car and went over to the defendant, who was then seated in his car behind the steering wheel, and he was asked by the officers to step out of his car. The defendant complied with the request, and in doing so, left open the front door on the driver’s side of his car. Thereupon, the defendant was requested to show his operator’s license and certificate of registration. While the defendant was standing near the front of the patrol car and showing his license and registration certificate to one of the officers, the other officer stood near the defendant’s car and looked into it. The interior of the defendant’s car was illuminated by the headlights and search light of the officers’ car, and the officer testified that he was able to see into the interior of the defendant’s car, and particularly in the front seat area.
The officer testified his reason for looking into defendant’s car was to determine whether the defendant had some alcoholic beverage on the seat of the car, and also 11 was looking into his car for anything that may be there ”. One of the officers testified that he had observed the defendant moving around in a peculiar manner inside the car just before the officers flagged him down. The officer thought the defendant might be intoxicated.
While the officer was looking into the defendant’s car, he observed on the front seat a square cushion, and from underneath such cushion, an object, to the extent of two inches, was protruding. As to the description of the said object, the officer testified as follows: “ I observed two inches, roughly, of a butt of some kind of gun or pistol. It appeared to be a revolver * * *. I observed what appeared to be a revolver handle sticking out ’ ’. Upon making the observation, the officer reached into the car, picked up the weapon from underneath the cushion, and removed the weapon from the car. The defendant was asked if he had a valid permit for the gun, and when he answered in the negative, he was placed under arrest. The officer retained the gun.
*35 At no time during the above-related incident did the officers have an arrest warrant for the defendant or a search warrant for his car. The defendant was not charged with any violation of law except illegal possession of a firearm, a misdemeanor.
A search is reasonable if conducted pursuant to a legal search warrant, by consent, or incidental to a lawful arrest (People v. Loria, 10 N Y 2d 368, 373). No claim was made by the People that the defendant had consented to a search of his automobile. No contention was made by the People that the defendant’s arrest occurred when he was brought to a stop by the officers. In fact, the officer testified that the defendant was placed under arrest after the officer had withdrawn the gun from underneath the cushion in the defendant’s car, and the defendant was asked if he had a license for possession of the same.
The stopping of the defendant was for the purpose of checking his operator’s license and certificate of registration. However, such procedure did not in and of itself authorize the officers to search the defendant’s automobile (United States v. Murray, 51 F. 2d 516). Search of an automobile without a warrant cannot be made on mere suspicion (United States v. O’Connell, 43 F. 2d 1005). The officer testified that the only violation the defendant was suspected of committing was the operation of his motor vehicle while intoxicated; but, after the officers observed the defendant outside of his car, they did not see fit to arrest the defendant for such violation.
The defendant did not have a license to possess the revolver found in his car, and consequently it was an article classified as contraband. This is not a case involving a contraband article that was in “ open ” and “ plain ” view. It is not a search to observe that which is open and patent in either sunlight or artificial light. (Smith v. United States, 2 F. 2d 715.) The object was hidden under the cushion except for about two inches of it. The officer testified he observed “ what appeared to be a revolver. ’ ’ The officer was not sure from his observation of the two inches of the object which protruded from underneath the cushion that such object in its entirety was a revolver. The officer could only say that “ it appeared to him to be a revolver.” Before certainty could be established, it was necessary to reach under the cushion and withdraw the object.
It did not constitute a search for the officer to stand by the defendant’s car and look into it while the defendant’s car was illuminated by the headlights and searchlight of the officers’ car (Boyd v. United States, 286 F. 930). However, the officer did more than look. He reached into the defendant’s car and withdrew the object from underneath the cushion, and it was the *36 result of that action which resulted in the identification of such object as a revolver. By his action, the officer brought to light something which had been hidden from view by the action of the defendant. “ A search implies a prying into hidden places for that which is concealed and that the object searched for has been hidden or intentionally put out of the way.” (People v. West, 144 Cal. App. 2d 214, 219.)
The taking of the gun from underneath the cushion in the manner and under the circumstances described above, constituted a search by the officer. The arrest of the defendant was not made until after the search. Since this search was not conducted pursuant to a valid search warrant, nor incidental to legal arrest, nor by the consent of the defendant, it was an illegal search. The gun is not admissible as evidence against the defendant upon his trial on the charge of illegal possession of a firearm (Mapp v. Ohio, 367 U. E. 643). To that extent, the motion of the defendant is granted.
The testimony on the hearing of the motion disclosed that the defendant did possess a revolver, and that he did not have a valid license for the same. Such possession was unlawful and the gun constituted a nuisance (Penal Law, § 1899, subd. 1). The application of the defendant to have the revolver returned to him is hereby denied.