Albert Orenstein, J.
The defendant has been indicted for the crime of possession of a firearm in violation of section 265.05 of the Penal Law by the Onondaga County Grand Jury.
This is a motion for an order to suppress the use of certain evidence, viz: a 38 caliber revolver loaded with ammunition on the ground that the same was seized as a result of an illegal search and for a further order dismissing the said indictment.
The facts concerning the seizure were adduced at a hearing held on May 6,1968. It appears that on February 8, 1968, New York State Trooper Edward 'Cass made a routine check of the parking lot in the Dewitt Service Station on the New York State Thruway between the hours of 6:30 and 6:45 a.m.
The parking lot was practically deserted and he walked over to the defendant’s automobile. He saw the defendant, who appeared to be sleeping, behind the wheel and as he approached the car the defendant awakened. The trooper looked through the window and observed an opened J & B Scotch bottle on the rear seat. The trooper told the defendant that it was unlawful to have such a bottle in a car on the Thruway and placed him under arrest for violating Thruway Regulation 102.8 (21 *438 NYCRR 102.8). He tried to open the door on the driver’s side of the car hut the defendant resisted.
He then went to the passenger side of the car, opened the door and reached into the backseat to obtain the whiskey bottle.
As he withdrew the bottle from the car, he saw the handle of the revolver in question extending from under the seat where the defendant was sitting. He then went around the car to the driver’s side and ordered the defendant to leave the car and the defendant stood against the side of the rear fender of the car. He then reached into the car and picked up the weapon. The officer asked him if he had a pistol permit. The defendant answered in the negative. He asked him if he was the owner of the pistol and the defendant denied this fact. The trooper then advised him of his rights and placed him under arrest for illegal possession of a firearm.
The trooper testified that it was just getting light when he made these observations in the car and saw the gun. The whiskey bottle and the 38 caliber revolver were offered in evidence by the People and received for the purpose of the hearing.
The defendant offered no testimony at this hearing.
This court is not compelled under the present facts to look for 1 ‘ probable cause ’ ’ which would legalize the search. The weapon was in the open view to the arresting officer. He did not have to search the defendant or his car to discover the gun.
Officer Cass was acting in the full performance of his duty and he would have been derelict had he not seized the weapon and questioned the defendant as to a permit and ownership.
In People v. Jordan (37 Misc 2d 33) cited by the defendant, the court suppressed the evidence consisting of a gun found under somewhat similar conditions as this case. However, the court noted that there was no search warrant and defendant was not acting in violation of law. Furthermore, the court held at page 35: “ A search is reasonable if conducted pursuant to a legal search warrant, by consent, or incidental to a lawful arrest (People v. Loria, 10 N Y 2d 368, 373).”
Defendant here was under arrest for violating a regulation of Thruway Authority 102.8 and as the officer testified would have been immediately taken into custody for arraignment on that charge alone. “ The valid arrest permits a search for weapons and * * * there need be no connection between the weapons and the crime forming the basis for the arrest.” (People v. Rodriguez, 47 Misc 2d 551, 555; see, also, People v. Gatti, 29 A D 2d 617.)
The motion is, therefore, denied.