The STATE of Ohio, Appellee,

v.

BURRELL, Appellant.

[Cite as *State v. Burrell* (1991), 71 Ohio App.3d 507.]

Court of Appeals of Ohio,
Wood County.

No. WD–90–30.

Decided March 22, 1991.

*Alan R. Mayberry*, Prosecuting Attorney, and *Gwen Howe–Gebers*, for appellee.

*Albert L. Potter II,* for appellant.

ABOOD, Judge.

This is an appeal from a judgment of the Bowling Green Municipal Court which denied appellant's motion to return property following a finding of not guilty on a charge of cruelty to animals.

Appellant sets forth two assignments of error:

"I. The trial court erred in refusing to grant the defendant's motion for the return of his property.

"II. The trial court erred in ruling on the motion for reconsideration after the defendant filed his notice of appeal."

The undisputed facts that are relevant to the issues raised on appeal are as follows. On May 25, 1989 a search warrant was executed at appellant's residence and two badly malnourished animals, a horse and a cow, were seized. As a result, on June 13, 1989, appellant was charged with two counts of cruelty to animals in violation of R.C. 959.13. Although in pretrial proceedings the court granted a motion to suppress the evidence seized pursuant to the warrant, on March 2, 1990 the case proceeded to trial to the court. At the conclusion of the trial, appellant was found not guilty on both charges; in the same entry of that date, the court ordered the charges against appellant dismissed, but denied appellant's motion to return the cow and the horse to him. On March 12, 1990 appellant filed a motion for reconsideration of that portion of the court's March 2, 1990 order that denied his motion to return the animals, and on April 2, 1990 appellant filed his notice of appeal from that order. On April 3, 1990, the trial court filed its judgment entry which granted the motion for reconsideration and ordered the return of the horse and the cow to appellant upon payment of one half of the cost of the board of the animals, up to $750. It is from the March 2, 1990 order that denied his motion to return the animals that appellant brings this appeal.

This court will first address appellant's second assignment of error in which he argues that the trial court was without jurisdiction to rule on his motion for reconsideration after the notice of appeal was filed in this court. Appellee responds that this was not error because the trial court's granting of the motion for reconsideration was actually an action in aid of this appeal since it rendered these proceedings moot.

Upon consideration of the entire record of proceedings in the trial court and the law, this court finds that, while the court may have had jurisdiction to simply order the property returned to appellant, it did not have jurisdiction to include in such an order a requirement that appellant pay up to $750 for the

board of the animals. This court therefore finds appellant's second assignment of error well taken.

■ In his first assignment of error appellant argues that the trial court erred in denying his motion for return of property, since the property was not subject to forfeiture proceedings pursuant to R.C. 2933.41 and the court did not otherwise have authority to hold the property once he had been found not guilty of all of the charges that had been placed against him. In response, appellee argues that the court "may" have based its ruling not to return the abused animals on a determination made pursuant to R.C. 2933.41(C)(2).[1]

Upon consideration of the entire record of proceedings in the trial court and the law, this court finds: (1) R.C. 2933.41(A), as it was effective at all times relevant to these proceedings, authorized the trial court to order the property held "pending the time it no longer is needed as evidence"; (2) the record does not show that the trial court made any findings, pursuant to R.C. 2933.41(C)(2) or otherwise, that would give it the authority to hold appellant's property beyond the time that it was needed as evidence; and (3) appellant was entitled to have his property returned to him upon the dismissal of the charges against him. Accordingly, appellant's first assignment of error is found well taken.

Upon consideration whereof, substantial justice has not been done the party complaining and that portion of the trial court's March 2, 1990 order which denied appellant's motion to return property is hereby reversed. Appellee is ordered to pay the costs of these proceedings.

*Judgment accordingly.*

GLASSER and MELVIN L. RESNICK, JJ., concur.

---

1. R.C. 2933.41 provided:

"(C) A person loses any right he may have to the possession of property if either of the following apply:

"* * *

"(2) When a court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of such person, it is unlawful for the person to acquire or possess the property."