CITY OF CLEVELAND, Appellee,

v.

FULTON, Appellant.

[Cite as *Cleveland v. Fulton,* 178 Ohio App.3d 451, 2008-Ohio-4702.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90288.

Decided Sept. 18, 2008.

Victor R. Perez, City of Cleveland Chief Prosecuting Attorney, Gina M. Villa, Assistant City Prosecuting Attorney, Robert J. Triozzi, Director of Law, and Kevin J. Gibbons, Assistant Director of Law, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin and Christina M. Gary, Assistant County Public Defenders, for appellant.

BOYLE, M.J., Judge.

{¶ 1} Defendant-appellant, Antonio Fulton, appeals from a judgment of the Cleveland Municipal Court denying his motion for return of property and granting the city's petition for forfeiture. For the following reasons, we reverse and remand.

{¶ 2} On April 18, 2007, the city of Cleveland charged Fulton with using weapons while intoxicated, failing to secure dangerous ordnance, and endangering children. Fulton entered a plea of not guilty to the charges, and the case proceeded to a bench trial.

{¶ 3} Two Cleveland police officers testified at trial that when they approached Fulton at the scene, he promptly informed them that he had a valid Ohio license to carry a concealed handgun. The officers then confiscated his FN Herstal 5.7 mm handgun.

{¶ 4} At the close of the city's case, Fulton moved for a Crim.R. 29 acquittal on all three charges, which the trial court granted in full. After the trial court dismissed all charges against Fulton, he orally requested the court to return his handgun. Rather than release it to him, the court instructed him to file a motion.

{¶ 5} On June 11, 2007, Fulton moved the court for a return of his handgun. The city filed a petition for forfeiture of the gun a few days later. The parties orally agreed to the trial court deciding the issue upon submission of the briefs. The trial court granted the city's petition and ordered that Fulton's handgun be forfeited. It is from this judgment that Fulton appeals, raising a sole assignment of error:

{¶ 6} "The trial court erred when it denied Mr. Fulton's post-acquittal motion for return of property that was taken from him as part of the investigation of a crime that he did not commit."

{¶ 7} The city petitioned the court for forfeiture of the handgun pursuant to R.C. 2933.43(C) and Cleveland Codified Ordinance ("CCO") 674.02.[1] Fulton argues that this statute and ordinance apply only to criminal forfeitures and that since he was acquitted of all charges, they do not apply. We agree. The city concedes as much in its brief to this court.

{¶ 8} Although the city concedes that criminal forfeiture does not apply, it maintains that the trial court ordered that Fulton's handgun be forfeited under the civil forfeiture statute, R.C. 2933.41(C)(2). The city contends that it cited this

---

1. CCO 674.02(c) provides: "No person shall have on or about his person or use any handgun unless such person has in his possession an identification card issued to him and in effect, and a registration card for each such handgun * * *."

provision in its petition and argued it alternatively. The record confirms that the city did argue this provision, as well as the criminal forfeiture provision.

{¶ 9} It is not clear, however, which statute the trial court relied upon when granting the city's petition. At a hearing, the trial court stated:

{¶ 10} "The Court doesn't find all of that about the attachment for the double jeopardy purposes. The Court finds, given the nature of the gun and also in light of the fact, at the time, the gun was not registered, this Court would be irresponsible to allow that gun to be released into this community.

{¶ 11} "The Court felt that the defendant should have been charged with Discharging a Firearm. He was found not guilty because he was not charged.[2]

{¶ 12} "The Court is not going to turn it's [sic] eye to the fact that it's a very dangerous gun. I'm not going to release it. It should have been registered and it wasn't, therefore, the city's petition to forfeit the gun is granted. Gun not to be returned."

{¶ 13} The city maintains that in order for civil forfeiture under R.C. 2933.41(C)(2) to apply, "the only evidence that needed to be 'adduced' at the hearing was the fact [undisputed by appellant] that the handgun was unregistered." The city claims that Fulton's "failure to register this handgun caused it to become contraband per se." Therefore, the city contends that it was unlawful for Fulton to possess it under R.C. 2933.41(C)(2).

{¶ 14} Fulton argues that civil forfeiture was not available, because the city did not file a civil complaint for forfeiture. If the city had, he maintains, the case would have been assigned randomly and "not necessarily to the judge who presided at the criminal trial." Fulton further argues that even if the trial court could properly consider the civil forfeiture statute, R.C. 2933.41(C)(2) does not apply.[3]

## TO APPLY R.C. 2981 OR NOT TO APPLY

{¶ 15} We agree with the city that there is nothing in R.C. 2933.41 that requires "a separate civil forfeiture action be filed." Fulton argues, however,

---

2. When the trial court granted Fulton's Crim.R. 29 motion on all counts, it stated that he "should have been charged with discharging a firearm." Despite what the trial court stated in its ruling ("He was found not guilty because he was not charged,") it does not mean that Fulton would have been convicted of discharging a firearm had he actually been charged with it. Fulton had a right to put on a defense. And only after the trial court, as the factfinder, heard his defense could it properly find him guilty or not guilty.

3. Fulton also argues that R.C. 2933.41(C)(1) does not apply. But the city only contends that R.C. 2933.41(C)(2) applies, and thus we need not address Fulton's arguments regarding R.C. 2933.41(C)(1). R.C. 2933.41(C)(1) provides: "The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense."

that the new civil forfeiture statute, R.C. 2981.05, requires that a civil forfeiture petition be filed separately. We agree that it does. For the following reasons, however, we will apply R.C. 2933.41(C)(2), the civil forfeiture statute that was in effect at the time the petition was filed.

{¶ 16} The laws regarding forfeiture significantly changed when the General Assembly adopted R.C. Chapter 2981, effective July 1, 2007. Specifically, R.C. 2981.05(A) requires the prosecutor to file a civil forfeiture petition "in the court of common pleas of the county in which the property is located."

{¶ 17} Fulton argues that this court should follow *State v. Clark*, 173 Ohio App.3d 719, 2007-Ohio-6235, 880 N.E.2d 150, and apply the new civil forfeiture law. In *Clark*, the Third District explained that "the legislation accompanying R.C. 2981.01 to 2981.14, Section 4 of 2006 H 241 specifically provides as follows:

{¶ 18} " 'Sections 1, 2, and 3 of this act shall take effect on July 1, 2007. If a criminal or civil forfeiture action relating to misconduct under Title XXIX of the Revised Code was or is commenced before July 1, 2007, and is still pending on that date, the court in which the case is pending shall, to the extent practical, apply the provisions of Chapter 2981 of the Revised Code in the case.' " *Clark* at ¶ 15.

{¶ 19} The Third District, "[p]ursuant to the directives of Section 4 of 2006 H 241," reversed the trial court's order of forfeiture because the trial court did not hold a hearing. *Clark* at ¶ 16. Although R.C. 2933.41 does not require the trial court to hold a hearing for civil forfeitures, the new laws regarding forfeiture provide the parties a right to a jury trial. See R.C. 2981.08.

{¶ 20} In this case, however, the parties waived (by oral agreement) any right to a hearing they may have had under the new statute. Accordingly, *Clark* is not applicable, and this court will analyze the forfeiture in this case under R.C. 2933.41(C)(2), and not R.C. Chapter 2981.

CIVIL FORFEITURE: R.C. 2933.41(C)(2)

{¶ 21} As a general rule, forfeiture statutes and statutes that result in the taking of private property must be strictly construed against the law-enforcement agency seeking to have the property forfeited or disposed. *State v. Lilliock* (1982), 70 Ohio St.2d 23, 25, 24 O.O.3d 64, 434 N.E.2d 723. R.C. 2933.41(C) is a statute that provides for the deprivation of a defendant's right to possession of property.

{¶ 22} Under R.C. 2933.41(C)(2), a person may lose possession and/or ownership of such property if:

{¶ 23} "A court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of the person, it is unlawful for the person to acquire or possess the property."

{¶ 24} In *Dayton v. Boddie* (1984), 19 Ohio App.3d 210, 211, 19 OBR 354, 484 N.E.2d 171, the Second District Court of Appeals explained:

{¶ 25} "There is no law making every weapon a contraband, possession of which is per se illegal. There are laws that under certain conditions possession of property such as drugs or firearms are illegal. These are personal conditions or personal circumstances incidental to the subject possessed irrespective of its use. For example, acquisition and possession of a firearm are denied to persons who have been convicted of specific crimes of violence. This is what is intended in the second test in R.C. 2933.41(C)(2). It is the circumstances of the person that converts an otherwise lawful possession into one that casts the penalty of forfeiture upon either its acquisition or possession."

{¶ 26} Thus, under R.C. 2933.41(C)(2), this court must determine if either (1) the nature of the handgun itself or (2) the circumstances of Fulton make it unlawful for Fulton to acquire or possess the handgun.

## CIRCUMSTANCES OF THE PERSON: FULTON

{¶ 27} "Circumstances of the person" under R.C. 2933.41(C)(2) has been interpreted to refer to a legal disability of some sort. *Chagrin Falls v. Loveman* (1986), 34 Ohio App.3d 212, 217, 517 N.E.2d 1005. See also *Bernad v. Lakewood* (2000), 140 Ohio App.3d 350, 747 N.E.2d 838 (once defendant's felony conviction for carrying a concealed weapon was expunged, his legal disability preventing him from possessing firearms was removed, and he was entitled to immediate possession of his 29 guns).

{¶ 28} Fulton was not under "some sort of legal disability" that would prevent him from possessing or owning a handgun. In fact, the record is clear that Fulton did not have a "legal disability" prohibiting him from possessing a handgun, since the state of Ohio had issued him a concealed-handgun license for the gun.[4]

---

4. The requirements for obtaining a license to carry a concealed handgun include but are not limited to residence in the state of Ohio for at least 45 days, being an adult 21 years of age or above, passing a criminal background check, and completing a firearms-safety course consisting of ten hours of general instruction, two hours of range time, and live-fire exercise. R.C. 2923.125.

## NATURE OF THE PROPERTY: THE HANDGUN

{¶ 29} The language in R.C. 2933.41(C) reflects the definition of contraband set forth in R.C. 2901.01(A)(13):

{¶ 30} " 'Contraband' means any property described in the following categories:

{¶ 31} "(a) Property that in and of itself is unlawful for a person to acquire or possess;

{¶ 32} "(b) Property that is not in and of itself unlawful for a person to acquire or possess, but that has been determined by a court of this state, in accordance with law, to be contraband because of its use in an unlawful activity or manner, of its nature, or of the circumstances of the person who acquires or possesses it, including but not limited to, goods and personal property * * *;

{¶ 33} "(c) Property that is specifically stated to be contraband by a section of the Revised Code or by an ordinance, regulation, or resolution * * *."

{¶ 34} In *People v. Ziomek* (1989), 179 Ill.App.3d 303, 306–307, 128 Ill.Dec. 356, 534 N.E.2d 538 (a case cited by the city in support of its position that an unregistered handgun is contraband per se), the court explained:

{¶ 35} "Contraband per se includes property for which possession alone constitutes a criminal offense, e.g., sawed-off shotguns, narcotics and counterfeit money. (*In re Fifty–Three Thousand Two Hundred Sixty Three Dollars* (1987), 159 Ill.App.3d 114, 111 Ill.Dec. 351, 512 N.E.2d 740; *People v. Gant* (1986), 150 Ill.App.3d 180, 103 Ill.Dec. 334, 501 N.E.2d 355, cert. denied (1987), 484 U.S. 843, 108 S.Ct. 134, 98 L.Ed.2d 91; *People v. Mudd* (1977), 54 Ill.App.3d 603, 12 Ill.Dec. 414, 370 N.E.2d 37.) Such property need not be returned even if improperly seized. *People v. Steskal* (1973), 55 Ill.2d 157, 302 N.E.2d 321; see also *United States v. Jeffers* (1951), 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (narcotics); *Trupiano v. United States* (1948), 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (distilling equipment and intoxicating liquor), overruled on other grounds by *United States v. Robinowitz* [*Rabinowitz*] (1950), 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653."

{¶ 36} Applying R.C. 2933.41(C)(2) to the present case, the handgun is not unlawful by its very nature. It is a legal handgun. Thus, the gun alone is not contraband per se.

## IS AN UNREGISTERED HANDGUN CONTRABAND PER SE?

{¶ 37} The question then at the crux of this appeal is whether the trial court could order forfeiture of the handgun simply because it was not registered. Does the fact that the handgun was not registered alter its nature, so that it

became contraband per se? This is a question of first impression for this court. Indeed, our research did not unveil any Ohio case that has previously decided this issue. To answer it, we must look to the Cleveland codified ordinances.

{¶ 38} CCO 674.02(c) provides:

{¶ 39} "No person shall have on or about his person or use any handgun unless such person has in his possession an identification card issued to him and in effect, and a registration card for each such handgun * * *."

{¶ 40} According to CCO 674.99, the penalty for violating this provision is not forfeiture of the handgun, but a fine of "not less than one hundred dollars ($100) nor more than one thousand dollars," or imprisonment for not more than twelve months, or both. This provision further provides that "[e]ach day such violation is continued or permitted to continue constitutes a separate offense." CCO 674.99. Thus, the city's code does not allow for forfeiture even when repeated violations of possessing an unregistered handgun occur.

{¶ 41} CCO 674.03 sets forth procedures regarding handguns that are not registered. It provides:

{¶ 42} "Any handgun which any person owns or possesses in violation of any of the provisions of this chapter shall, *upon conviction of such person,* be confiscated and destroyed by the Division of Police * * *." (Emphasis added.)

{¶ 43} The city's ordinance provides only that a handgun should be destroyed "upon conviction of such person." Fulton was never convicted of the crimes with which he was originally charged, nor was he charged with or convicted of any other Cleveland code violation.

{¶ 44} Again, when the trial court granted Fulton's Crim.R. 29 motion, it stated that the city should have charged Fulton with discharging a firearm. In its ruling, the trial court stated that it would have found him guilty of discharging a firearm if he had been properly charged. We agree with Fulton that the trial court's statement was not proper. The trial court granted Fulton's Crim.R. 29 motion *at the end of the city's case-in-chief.* Just because the trial court would have found *sufficient evidence* on a charge does not mean Fulton would have been *convicted* of it had he actually been charged with it. A finding of sufficiency does not equate to a finding of guilt.

{¶ 45} Significantly, the Cleveland municipal code does not mandate—or even allow for—the handgun to be confiscated, forfeited, or destroyed simply for not being registered with the city. The city's code specifies only that a violation of the handgun registration requirements will result in a fine or imprisonment, or both. Thus, the code itself does not put a handgun owner on notice that a

violation of possessing an unregistered handgun could possibly result in forfeiture of the gun.[5]

{¶ 46} Fulton's handgun was not a legally banned handgun, nor was he prohibited from owning or possessing it. The United States Supreme Court recently settled a long-standing debate as to the meaning of the Second Amendment. The court made clear that the Second Amendment, although not unfettered, guarantees the individual right of every American to possess and carry weapons unconnected to militia service. *District of Columbia v. Heller* (2008), —— U.S. ——, 128 S.Ct. 2783, 171 L.Ed.2d 637, paragraph one of the syllabus.

 {¶ 47} This court certainly understands and shares the trial court's concerns about dangerous guns in our society and the damage and violence they can cause. That does not entitle the city, however, to deprive a person of his private property without due process of law.

{¶ 48} Fulton's unregistered handgun not being contraband per se, he was entitled to have his property returned to him upon dismissal of the charges. See R.C. 2933.41(A); *State v. Burrell* (1991), 71 Ohio App.3d 507, 594 N.E.2d 1059; *State v. Keggan*, 2d Dist. No. 2006CA9, 2006-Ohio-6663, 2006 WL 3692415.

{¶ 49} Accordingly, we conclude that the trial court erred when it denied Fulton's motion for return of the handgun and granted the city's petition for forfeiture. The trial court's judgment ordering that the handgun be forfeited is reversed. This case is remanded for further proceeding consistent with this opinion.

Judgment reversed
and cause remanded.

———

5. The city cites six federal and foreign cases in support of its argument that an unregistered handgun is contraband per se. However, a thorough review of these cases reveals that the facts of each one are easily distinguishable from the case at bar. See *United States v. Ten Miscellaneous Firearms* (1985), 622 F.Supp. 759 (claimant convicted of possession of unregistered firearms; firearms subject to forfeiture under National Firearm Act because statute mandated that "any firearm involved in any violation of the provisions of this chapter [registration requirements] shall be subject to seizure and forfeiture"); *Banks v. Detroit Police Dept.* (1990), 183 Mich.App. 175, 454 N.W.2d 198 (gun owner was a convicted felon who was prohibited from possessing firearms); *People v. Ziomek* (1989), 179 Ill.App.3d 303, 306–307, 128 Ill.Dec. 356, 534 N.E.2d 538 (city code did not require a conviction; however, city code mandated that the weapons confiscated were "to be destroyed once they are no longer needed as evidence"); *People v. Gant* (1986), 150 Ill.App.3d 180, 103 Ill.Dec. 334, 501 N.E.2d 355 (defendant not entitled to sawed-off shotgun but was entitled to his other guns if defendant was not under a legal disability to possess them); *People v. Jordan* (1962), 37 Misc.2d 33, 234 N.Y.S.2d 323 (a New York county court decision that determined that an unregistered handgun constituted a nuisance under the statute, and thus, defendant was not entitled to it); and *Chicago v. Taylor* (2002), 332 Ill.App.3d 583, 266 Ill.Dec. 244, 774 N.E.2d 22 (again, the city ordinance actually mandated that an unregistered firearm be destroyed upon confiscation).

Calabrese, P.J., concurs.

Kilbane, J., dissents.