The STATE of Ohio, Appellant,

v.

CRUISE, Appellee.

[Cite as *State v. Cruise*, 185 Ohio App.3d 230, 2009-Ohio-6795.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 24832.

Decided Dec. 23, 2009.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellant.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Mark A. Losey, General Counsel for Law Enforcement, and Jason Patrick Small, Assistant Solicitor General, Counsel of Record, for amicus curiae Ohio Attorney General Richard Cordray.

John F. Manley, for amicus curiae Summit County Court of Common Pleas.

J. Reid Yoder, for appellee.

---

WHITMORE, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the order disbursing forfeiture proceeds in the Summit County Court of Common Pleas. This court reverses.

## I

{¶ 2} On June 17, 2009, the trial court held a sentencing hearing at which Andrew Cruise pleaded guilty to several charges in his indictment, among those being heroin possession with a criminal-forfeiture specification under R.C. 2941.1417. As part of the plea agreement he entered into with the assistance of appointed counsel, he agreed to forfeit the $1,212 in proceeds seized by the police at the time of his arrest. At his sentencing hearing, the trial court ordered that the forfeiture proceeds be distributed to first pay court costs and attorney fees, with the balance of the remaining funds to be shared between the Twinsburg Police Department (receiving 30 percent) and the Summit County Prosecutor's office (receiving 70 percent). The state objected to the disbursement at the hearing. The trial court overruled the state's objection. In the sentencing entry following hearing, the trial court's order reflected the same distribution, specifically journalizing in bold that "[t]he court costs and attorney fees are to be paid first and foremost."

{¶ 3} The state requested leave to appeal, which this court granted. In turn, the state timely filed its appeal, and the attorney general was also granted leave to file a brief as amicus curiae in support of the state's position. The Summit County Court of Common Pleas ("SCCCP"), through Administrative Judge Elinore Marsh Stormer, filed a motion for leave to file a brief as amicus curiae in opposition to the state's appeal, which we likewise granted. The state asserts one assignment of error for our review.

## II

### Assignment of Error

The trial court erred as a matter of law in diverting money forfeited by the appellee to pay court costs and attorney fees.

{¶ 4} In its sole assignment of error, the state asserts that the trial court lacked the statutory discretion to order disbursement of the forfeiture proceeds to pay for Cruise's court costs and attorney fees. The state argues that by ordering such a disbursement, the trial court erred as a matter of law by acting in direct contravention of the terms set forth in R.C. 2981 et seq. ("the forfeiture statute"), specifically, R.C. 2981.13.

{¶ 5} Whether the provisions of the forfeiture statute permit the trial court to order payment of court costs and attorney fees is a matter of statutory interpretation. Issues of statutory interpretation present a question of law; thus, we do not give deference to the trial court's determination in such matters. *Donnelly v. Kashnier*, 9th Dist. No. 02CA0051–M, 2003-Ohio-639, 2003 WL 294413, at ¶ 26, citing *State v. Wheeling & Lake Erie Ry. Co.* (Mar. 13, 2002), 9th Dist. No 3214–M, 2002 WL 389056, at *3. "This court reviews a trial court's interpretation and application of a statute under a de novo standard." Id. "[W]here the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom." *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, at ¶ 14. "If it is ambiguous, we must then interpret the statute to determine the General Assembly's intent. If it is not ambiguous, then we need not interpret it; we must simply apply it." *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, at ¶ 13. The Revised Code requires that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." R.C. 1.42.

{¶ 6} The forfeiture provisions set forth in R.C. 981 et seq. were newly enacted in July 2007 and significantly altered civil and criminal forfeiture laws. See, e.g., *State v. Harris*, 12th Dist. No. CA2007–04–089, 2008-Ohio-3380, 2008 WL 2633117, at ¶ 25, fn. 2; *Cleveland v. Fulton*, 178 Ohio App.3d 451, 2008-Ohio-4702, 898 N.E.2d 983, at ¶ 15–20; *State v. Watkins*, 7th Dist. No. 07 JE 54, 2008-Ohio-6634, 2008 WL 5245581, at ¶ 30. R.C. Chapter 2981 begins with an explicit statement of its purpose, which reads as follows:

(1) To provide economic disincentives and remedies to deter and offset the economic effect of offenses by seizing and forfeiting contraband, proceeds, and certain instrumentalities;

(2) To ensure that seizures and forfeitures of instrumentalities are proportionate to the offense committed;

(3) To protect third parties from wrongful forfeiture of their property; [and]

(4) To prioritize restitution for victims of offenses.

R.C. 2981.01(A). "Proceeds" are defined to include the money derived from the commission of a criminal offense and include the funds at issue here. R.C. 2981.01(B)(11)(a). The state argues as a matter of policy that distributing the proceeds to pay defendants' court costs and attorney fees thwarts the stated purpose of the forfeiture statute and unjustly enriches criminal defendants who are responsible for paying the court costs stemming from their prosecution. The state maintains that appointed counsel are also unjustly enriched, as they are now able to profit from the illegal conduct of their clients. The state argues that the distribution scheme set forth in the forfeiture statute establishes the process by which the legislature sought to "offset the economic effect of offenses" and that SCCCP's attempts to divert funds otherwise is unlawful under R.C. 2981.13. The Attorney General likewise notes that the distribution of proceeds to compensate for payment of court costs and attorney fees undermines the express purpose and terms of the forfeiture statute.

{¶ 7} SCCCP, on the other hand, asserts that ordering payment of court costs and attorney fees from forfeiture proceeds fulfills the underlying purpose of the forfeiture statute by helping to "offset the economic effect of offenses" in terms of the toll that unpaid court costs and over-budget attorney fees place on SCCCP. SCCCP maintains that indigent defendants utilizing court-appointed counsel, as Cruise did here, are not unjustly enriched by having their attorney fees paid because such defendants are ultimately not responsible for payment of their own attorney fees because of their indigency. SCCCP offers no response, however, to the state's assertion that payment of court costs from forfeiture proceeds unjustly enriches criminal defendants. We need not decide this matter on the basis of policy, however, because the import of the distribution scheme under the terms of the statute is clear and unambiguous.

{¶ 8} R.C. 2981.13 provides for the distribution of forfeiture proceeds and requires that:

(A) Except as otherwise provided in this section, property ordered forfeited as contraband, proceeds, * * * shall be disposed of, used, or sold pursuant to section 2981.12 of the Revised Code. * * *.

(B) If the contraband or instrumentality forfeited under this chapter is sold, any moneys acquired from a sale and any proceeds forfeited under this chapter shall be applied in the following order:

(1) First, to pay costs incurred in the seizure, storage, maintenance, security, and sale of the property and in the forfeiture proceeding;

(2) Second, in a criminal forfeiture case, to satisfy any restitution ordered to the victim of the offense or, in a civil forfeiture case, to satisfy any recovery ordered for the person harmed, unless paid from other assets;

(3) Third, to pay the balance due on any security interest preserved under this chapter;

(4) Fourth, apply the remaining amounts as follows:

(a) If the forfeiture was ordered by a juvenile court, ten per cent to one or more certified alcohol and drug addiction treatment programs as provided in division (D) of section 2981.12 of the Revised Code;

(b) If the forfeiture was ordered in a juvenile court, ninety per cent, and if the forfeiture was ordered in a court other than a juvenile court, one hundred per cent to the law enforcement trust fund of the prosecutor and to the following fund supporting the law enforcement agency that substantially conducted the investigation; * * *.

If the prosecutor declines to accept any of the remaining amounts, the amounts shall be applied to the fund of the agency that substantially conducted the investigation.

(c) If more than one law enforcement agency is substantially involved in the seizure of property forfeited under this chapter, the court ordering the forfeiture shall equitably divide the amounts, after calculating any distribution to the law enforcement trust fund of the prosecutor pursuant to division (B)(4) of this section, among the entities that the court determines were substantially involved in the seizure.

The Supreme Court has long held that "[i]n statutory construction, the word 'may' shall be construed as permissive and the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage." *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, paragraph one of the syllabus. Thus, it is evident from the terms of the statute that the legislature mandated how forfeiture proceeds were to be distributed and in doing so, failed to imbue the trial court with any discretionary authority to distribute the proceeds otherwise.

{¶ 9} We are also mindful of the principle of statutory construction, which provides that " 'if a statute specifies one exception to a general rule or assumes to specify the effects of a certain provision, other exceptions or effects are excluded.' " *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 224–225, 680 N.E.2d 997, quoting Black's Law Dictionary (6th Ed.1990) 581. Therefore, to the extent that the legislature has expressly prescribed to whom forfeiture proceeds can be distributed and for what purposes, and in that process has failed to identify that such proceeds can be paid to the court to cover court costs or to attorneys to

cover their fees, such a distribution is prohibited under statute. Moreover, a review of R.C. 2981.13, in context of the provisions surrounding it, convinces us that the particularized distribution scheme set forth in subsection (B) serves as part of a greater legislative scheme to tightly control, direct, and monitor the distribution of forfeiture proceeds toward funds or agencies that it believes help further the purposes of the statute. See, e.g., R.C. 2981.13(C)(1) (requiring the county prosecutor to create a law-enforcement trust fund in order to receive forfeiture proceeds and creating several other funds via statute for the receipt of forfeiture proceeds); R.C. 2981.13(C)(2) (prohibiting the use of funds by any agency that has not adopted a written internal control policy that aligns with the purposes set forth in subsections (a)(i) through (v) of that section; expressly prohibiting use of forfeiture proceeds to pay any operating costs that are unrelated to law enforcement); R.C. 2981.13(C)(3) (requiring authorized offices and agencies who receive forfeiture proceeds to maintain financial records and account annually as to how the proceeds were spent); R.C. 2981.13(D) (requiring the written internal control policy to include an express allocation of forfeiture receipts to be used for community preventive education programs).

{¶ 10} SCCCP maintains that its order is within the scope of the forfeiture statute and relies on R.C. 2981.13(B)(1)'s mandate to "[f]irst, [ ] pay costs * * * *in the forfeiture proceeding* " as authority for its action. Specifically, SCCCP argues that in Cruise's case, "the forfeiture proceeding was included in the sentencing hearing. Therefore, costs incurred during that hearing, including the costs of the attorney provided to the defendant, should be paid first out of the forfeited money." This argument belies any logical application of the provisions of the forfeiture statute and ignores the facts of the case at bar.

{¶ 11} A criminal proceeding and a forfeiture proceeding are separate and distinct events. R.C. 2981.04(B); *Watkins,* 2008-Ohio-6634, 2008 WL 5245581, at ¶ 31; *State v. King,* 12th Dist. No. CA2008–10–035, 2009-Ohio-2812, 2009 WL 1659265, at ¶ 19. "A forfeiture action, while instituted as a criminal penalty, is a civil proceeding." *State v. Roberts* (1995), 102 Ohio App.3d 514, 518, 657 N.E.2d 547, citing *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 181, 569 N.E.2d 916. Here, Cruise pleaded guilty to the forfeiture specification. In doing so, Cruise voluntarily relinquished the proceeds subject to forfeiture. See *State v. Duncan,* 9th Dist. No. 07CA0050, 2007-Ohio-6004, 2007 WL 3342428, at ¶ 17–19 (concluding that in pleading no contest, the defendant waived his right to a forfeiture proceeding) and *State v. Hensley,* 9th Dist. No. 03CA008356, 2004-Ohio-2664, 2004 WL 1160167, at ¶ 8 (concluding that when property subject to forfeiture is transferred pursuant to a plea agreement, the statutory provisions governing forfeiture proceedings are not implicated). Thus, there was no need for the trial court to conduct a forfeiture proceeding in Cruise's case. Therefore, despite

SCCCP's desire to recast the costs for Cruise's criminal proceeding as expenses incurred as part of his forfeiture proceeding and subsequently rely on R.C. 2981.13(B)(1) for payment of the same, SCCCP has no basis to do so, particularly in light of Cruise's guilty plea. Because Cruise's court costs arose from his criminal proceeding, not a forfeiture proceeding, SCCCP was precluded from ordering such a disbursement under the explicit terms of R.C. 2981.13(B)(1). Moreover, the forfeiture statute omits any reference, nor has SCCCP directed this court to any authority, for ordering a defendant's attorney fees to be paid from forfeiture proceeds, even in the instance where a forfeiture proceeding was necessary.

{¶ 12} SCCCP points to two other portions of the forfeiture statute to argue that it has discretion to order distribution of the forfeiture proceeds in a manner other than that which is directed in R.C. 2981.13(B). SCCCP relies in part on R.C. 2981.04(C) for such authority. R.C. 2981.04(C) governs criminal forfeiture proceedings and reads as follows:

> If the court enters a verdict of forfeiture under this section, the court imposing sentence or disposition, in addition to any other sentence authorized by Chapter 2929 of the Revised Code * * * shall order that the offender or delinquent child forfeit to the state or political subdivision the offender's * * * interest in the property. The property vests with the state or political subdivision subject to the claims of third parties. *The court may issue any additional order to affect the forfeiture, including, but not limited to, an order under section 2981.06 of the Revised Code.*

(Emphasis added.) R.C. 2981.04(C). SCCCP argues that the permissive language in the statute allows it to issue orders related to R.C. 2981.06, but also permits it to issue orders related to any other section of the forfeiture statute where it deems appropriate. SCCCP maintains that pursuant to the terms of R.C. 2981.04(C), it is permitted to issue orders affecting the distribution of forfeiture proceeds under R.C. 2981.13. According to SCCCP, the latitude afforded to the trial court in this section demonstrates that the legislature sought to provide the trial court with discretion to deal with situations that were "impossible to foresee" when drafting the legislation and to "tailor [a] disposition that is unique to the circumstances of each case."

{¶ 13} While we cannot dispute the permissive language contained in the provision, we cannot agree that such language provides SCCCP with authority to issue orders that violate the mandatory and unambiguous terms of R.C. 2981.13(B). Likewise, we do not consider the payment of indigent defendants' court costs or attorney fees to present a situation that was impossible for the legislature to foresee when drafting the forfeiture statute or that such circumstances would create the need for the trial court to craft a unique disposition in

the case. In fact, this argument seems to contradict SCCCP's assertion that court costs and attorney fees for indigent defendants are a common and growing problem that is consuming an increasing amount of its budget each year. Moreover, even if the trial court has the authority to "affect the forfeiture," it cannot do so in a manner that offends other portions of the forfeiture statute.

{¶ 14} In that same vein, SCCCP suggests that the terms of R.C. 2981.06 also confer discretion to the trial court to control the disposition of forfeiture proceeds. R.C. 2981.06 governs the process following the entry of a forfeiture order and provides that "the court that issued the [forfeiture] order, * * * may do any of the following" to protect and appropriately manage the proceeds, including entering restraining orders or injunctions to protect the property, authorizing the payment of rewards to those who aided in the successful forfeiture, permitting the prosecutor to settle claims related to the forfeited property, returning the property to any victims of the crime, granting petitions for mitigation or remission of the forfeiture, or staying the forfeiture proceeding. R.C. 2981.06(B). Again, we note that presence of the permissive term "may" in different portions of the forfeiture statute does not provide the trial court with the discretion to order forfeiture proceeds to be distributed in a manner contrary to the mandatory provisions found in other sections of the statute.

{¶ 15} The state relies on *In re 1984 Saab Auto.* (Feb. 28, 1990), 1st Dist. No. C–880786, 1990 WL 17330, as authority for its position that forfeiture proceeds cannot be used to pay defendants' court costs and attorney fees. In that case, the trial court denied the county prosecutor's request for payment of the defendants' fines and costs incurred in the underlying criminal prosecution from the proceeds of the sale of their forfeited property. On appeal, the First District looked to the terms of R.C. 2933.43(D)(1), which contained language nearly identical to the terms of now-effective R.C. 2981.13(B)(1), and concluded that the provision "does not provide for the use of the proceeds of the sale of the forfeited property to satisfy the fines and costs incurred in the underlying criminal prosecutions." *In re 1984 Saab Auto.* at *2. SCCCP distinguishes *In re 1984 Saab Auto.* by erroneously claiming that it applied only to a *defendant's fine*, which is simply not the case; the court precluded payment of the defendants' court costs, too, under the same terms contained in the current forfeiture statute.

{¶ 16} SCCCP instead argues that our decision in *State v. Thrower* (1993), 85 Ohio App.3d 729, 621 N.E.2d 456, is more representative of the case at bar. In *Thrower,* upon the defendant's motion and without objection from the state, the trial court released $9,500 from forfeited property for Thrower to obtain counsel. When Thrower later indicated that he had spent the released funds on other expenses and requested that additional funds be released, the trial court refused to do so. In an appeal challenging the trial court's denial of his motion for the

release of additional funds, we affirmed the trial court's decision. Here, the court sua sponte ordered payment of Cruise's court costs and attorney fees, over the objection of the prosecutor and in direct contravention of the term of R.C. 2981.13(B)(1). *Thrower* is therefore inapplicable to Cruise's case.

{¶ 17} For the foregoing reasons, we sustain the state's sole assignment of error. Accordingly, the judgment of SCCCP is reversed.

## III

{¶ 18} The state's sole assignment of error is sustained. SCCCP's order disbursing forfeiture proceeds to pay Cruise's court costs and attorney fees is reversed. This matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

DICKINSON, P.J., and BELFANCE, J., concur in judgment only.

DICKINSON, Presiding Judge, concurring in judgment only.

{¶ 19} This court recognizes the difficult situation in which the Summit County Common Pleas Court finds itself. Unfortunately, its attempt to ease that difficulty by using forfeited funds to pay court costs and attorney fees is not permitted by R.C. Chapter 2981.

{¶ 20} R.C. 2981.13 lists the ways in which forfeited property "shall" be used, and those uses don't include payment of court costs and attorney fees. While R.C. 2981.04(C) affords a trial court discretion to "issue any additional order to affect the forfeiture," that section deals with efforts to gain possession of property being forfeited, not how that property will be distributed once it has been forfeited. The Common Pleas Court's reliance on R.C. 2981.04(C) as authority for discretion in distributing forfeited property, therefore, is misplaced. Accordingly, I join in the majority's judgment.

BELFANCE, J., concurs in the foregoing opinion.