[Cite as *Columbus v. Coleman*, 2022-Ohio-4478.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 22AP-79 |
| v. | : | (M.C. No. 2022-CRB-000708) |
| James T. Coleman, Jr., | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 13, 2022

**On brief:** *Zachary M. Klein*, City Attorney, *Melanie R. Tobias-Hunter*, and *Orly Ahroni* for appellant.

**On brief:** *Yeura R. Venters*, Public Defender, and *Robert D. Essex* for appellee.

APPEAL from the Franklin County Municipal Court

MENTEL, J.

{¶ 1} Plaintiff-appellant, the City of Columbus, appeals from the Franklin County Municipal Court's dismissal of the first-degree misdemeanor assault charge under Columbus City Code 2303.13(A) against defendant-appellee, James T. Coleman, Jr. The City argues that the trial court erroneously concluded that the speedy trial time under R.C. 2945.71 had expired when dismissing the charge, and Mr. Coleman concedes the error. Because our review of the limited record confirms the parties' position, we will reverse the judgment of the trial court and remand this cause for further proceedings.

{¶ 2} Mr. Coleman was subject to an "on-view arrest" by an officer of the Columbus Police Department on January 16, 2022, for assault in violation of Columbus City Code 2303.13(A). (Jan. 16, 2022 Compl.) Bond was set at $30,000 with the conditions that

Mr. Coleman was not consume alcohol or drugs, commit future acts of violence, or have contact with the alleged victim. (Jan. 18, 2022 Demand for Jury Trial.) However, the record does not reflect that bond was posted or that Mr. Coleman was not in custody after the arrest. He entered a plea of not guilty. (Jan. 18, 2022 Demand for Jury Trial.)

{¶ 3} No transcript of any proceeding in the trial court exists. Appellate Rule 9(C) states: "If no recording of the proceedings was made, * * * the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." Mr. Coleman did not object to the City's statement of the evidence, as allowed by the rule. *See id.* (providing the appellee the opportunity to "serve on the appellant objections or propose amendments to the statement"). The entirety of the App.R. 9(C) statement, as approved by the trial court, reads as follows:

> On January 16, 2022, Defendant, James T. Coleman, Jr., was charged with assault. On January 18, 2022, he appeared for arraignment in the Franklin County Municipal Court. He was represented by an attorney from the Franklin County Public Defender's Office. On that date, Defendant entered a plea of not guilty, requested a trial by jury, and requested that his jury trial be held within the time provided by law. The case was assigned to Judge James Green of the Franklin County Municipal Court. On January 25, 2022, a pretrial hearing was held, and the court set a trial date for February 1, 2022.

> On February 1, 2022, the parties appeared in court for trial. A prosecuting attorney represented the City of Columbus. An attorney from the Franklin County Public Defender's Office represented Defendant. Defendant's attorney advised the prosecutor that Defendant would be moving to continue the trial.

> Defendant's attorney approached the judge's bailiff and requested that the trial be continued to another date. The judge's bailiff took the court file and calculated how much statutory speedy-trial time had elapsed. The judge's bailiff advised both the defense counsel and the prosecutor that the trial would not be continued because it was her belief that the statutory speedy-trial time had expired prior to February 1, 2022, and Defendant was entitled to discharge.

> The judge's bailiff handed Defendant's court file to the judge and advised the judge that statutory speedy-trial time had expired under R.C. 2945.71. The judge signed a "dismissal entry" which dismissed the case for "failure to prosecute within speedy trial limits." The prosecutor did not object when the court dismissed the charge. Defense counsel did not move to dismiss the charge for a speedy-trial violation or object to the dismissal of the charge.

> The proceedings and dismissal of the case took place in an informal, off-the-record discussion. None of the proceedings took place on the record. No transcript or other recording of the proceedings was made.

(Mar. 10, 2022 Entry Settling and Approving App.R. 9(C) Statement.)

{¶ 4} The City has appealed and asserts the following assignments of error:

> [I.]     The trial court erred in dismissing the case on speedy trial grounds.

> [II.]     The trial court erred and violated the victim's constitutional right to be treated with fairness and respect for the victim's safety and dignity under Article I, Section 10a of the Ohio Constitution by dismissing the case on speedy trial grounds when speedy-trial time had not expired.

{¶ 5} As an initial matter, we note that R.C. 2945.67(A) allows the City to "appeal as a matter of right any decision of a trial court in a criminal case," including dismissal on speedy trial grounds. *State v. Lindsey*, 183 Ohio App.3d 727, 2nd Dist. No. 22827, 2009-Ohio-4124, ¶ 25. Because the City failed to object to the dismissal, we review the dismissal for plain error. Crim.R. 52(B) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

{¶ 6} Plain error review under Crim.R. 52(B) "places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial." *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "First, there must be an error, *i.e.*, a deviation from a legal rule." *Id.* Second, the error must be plain in that it illustrates "an 'obvious' defect in the trial proceedings." *Id.*, quoting *State v. Sanders*, 92 Ohio St.3d 245, 257 (2001). "Third, the error must have affected 'substantial rights.' " *Id.* For an appeal by the state, plain error review may be appropriate because "the state, like the defendant, has

a substantial right to have a criminal trial conducted according to the proper procedure as established by the Criminal Rules, by the Constitutions of the United States and of Ohio, and by applicable provisions in the Revised Code." *State v. Richter*, 92 Ohio App.3d 395, 399 (6th Dist.1993). Nevertheless, Crim.R. 52(B) does not require correction of plain error, as the rule "states only that a reviewing court 'may' notice plain forfeited errors; a court is not obliged to correct them." *Barnes*, 94 Ohio St.3d at 27. "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶ 7} The state argues that although R.C. 2945.71(B)(2) allows 90 days for a person charged with a first-degree misdemeanor to be brought to trial, the trial court plainly erred by dismissing the charge against Mr. Coleman on his trial date because only 48 days of speedy trial time had elapsed. (Brief of Plaintiff-Appellant at 10-11.) The City also argues that Mr. Coleman's speedy trial rights were not affected by the dismissal because the 16-day delay between arrest and trial was minimal, and its "substantial right to have a criminal trial" warrants reversal. *Id.* at 12-15. In response, Mr. Coleman "concedes the trial court erred in dismissing this matter based on a speedy trial violation." (Brief of Defendant-Appellee at 2.)

{¶ 8} "A criminal defendant has a right to a speedy trial under the Ohio Revised Code, the Ohio Constitution, and the Fifth and Sixth Amendments to the United States Constitution." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 80. The right is codified in R.C. 2945.71. A person charged with a first-degree misdemeanor must be brought to trial within 90 days of arrest. R.C. 2945.71(B)(2). "For purposes of computing time under" the statute, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). The day of the defendant's arrest is not included in the speedy trial calculation. Crim.R. 45(A); *State v. Juarez-Hernandez*, 10th Dist. No. 12AP-95, 2012-Ohio-4835, ¶ 8.

{¶ 9} Mr. Coleman was arrested on January 16, 2022, so the 90-day speedy trial period began to run on January 17, 2022. The date of trial was February 1, 2022, 16 days later. Because Mr. Coleman was in custody for the duration of this 16-day period, the "triple-count provision" of R.C. 2945.71(E) applies. *State v. Sanchez*, 110 Ohio St.3d 274,

2006-Ohio-4478, ¶ 7. Thus, the speedy-trial period that elapsed before trial was 48 days, far short of the 90-day period allowed under R.C. 2945.71(B)(2). The trial court's calculation was plainly erroneous and dismissing that case on the basis was an obvious defect in the proceedings. We agree with the City that it has a substantial right to prosecute a criminal defendant that the trial court's error adversely affected. Because the error was plain, obvious and affected a substantial right, as required under Crim.R. 52(B), we sustain the first assignment of error.

{¶ 10} In the second assignment of error, the City asks that the trial court's error also be held to violate the constitutional rights of the alleged victim under Article I, Section 10a of the Ohio Constitution. Under the constitutional avoidance doctrine, a court "will not reach constitutional issues unless absolutely necessary." *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, ¶ 9. By sustaining the first assignment of error, the second assignment of error has been rendered moot and is accordingly overruled.

{¶ 11} The trial court's dismissal of the charge against Mr. Coleman on speedy trial grounds was plainly erroneous, constituted an obvious defect in the proceeding, and affected the City's substantial rights. Accordingly, recognizing plain error occurred under Crim.R. 52(B), we sustain the City's first assignment of error, overrule the second as moot, and remand for further proceedings.

*Judgment reversed and cause remanded.*

BEATTY BLUNT and McGRATH, JJ., concur.

_____