[Cite as *State v. Jones*, 2024-Ohio-2992.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JODY JONES, | : | Case No. 23-COA-016 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:             Appeal from the Ashland County
                                     Court of Common Pleas, Case No.
                                     23-CRI-026

JUDGMENT:                            Reversed and Remanded

DATE OF JUDGMENT:                    August 6, 2024

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER R. TUNNEL                      BRIAN A. SMITH
Ashland County Prosecutor                  Brian A. Smith Law Firm, LLC
                                           123 South Miller Road, Suite 250
By: ANDRES R. PEREZ                        Fairlawn, OH 44333
Ashland County Assistant Prosecutor
110 Cottage Street, Third Floor
Ashland, Ohio 44805

*Baldwin, J.*

**{¶1}** The appellant, Jody Jones, appeals her sentence following her plea of guilty to the charge of aggravated possession of drugs, having weapons under disability, and permitting drug abuse. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On January 13, 2023, the appellant was indicted on one count of Aggravated Possession of Drugs in violation of R.C. §2925.11(A), (C)(1)(b); one count of Having Weapons While Under Disability in violation of R.C. §2923.13(A)(3), (B); and one count of Permitting Drug Abuse in violation of R.C. §2925.13(B)(C)(2).

**{¶3}** The Aggravated Possession of Drugs charge contained three attached specifications for forfeiture of firearms and forfeiture of a residence located at 340 County Road 1675, Jeromesville, Ohio, 44840 ("the Property"). The Having Weapons Under Disability contained two attached specifications for forfeiture of firearms and forfeiture of the Property.

**{¶4}** On August 3, 2023, the appellant entered into a plea agreement where the appellant would enter a guilty plea to three charges in the indictment with a joint recommendation of a twenty-four-month prison term to be run consecutive to another case. The parties would also stipulate to the specifications except those involving the Property.

**{¶5}** At the hearing, law enforcement officers involved in the investigation testified that they received a tip from a neighbor that there was drug use occurring at the Property. This led to surveillance of the Property for approximately three months. Trash

pulled from the Property yielded paraphernalia and other items indicating drug use on the Property. A search of the residence produced an extensive amount of drug paraphernalia, several firearms, identifying information of the appellant, and illicit substances at the house, including marijuana, which was not charged in the indictment, and psilocybin.

{¶6} The officers also testified that the Property consisted of an approximately 1,900 square foot home, the upstairs was not finished, and the condition of the house was consistent with that of an abandoned residence where illegal drugs are sold and used.

{¶7} On August 17, 2023, the appellant was sentenced to twelve months in prison for Aggravated Possession of Drugs, twelve months in prison for Having Weapons Under Disability, and one hundred eighty days in prison for Permitting Drug Abuse, to be served concurrently. The twelve-month sentence on the firearm specification on the Aggravated Possession of Drugs charge was ordered to be served consecutively, for an aggregate sentence of twenty-four months in prison. The trial court also ordered the Property to be forfeited to the State.

{¶8} The appellant filed a timely notice of appeal and raised the following three Assignments of Error:

{¶9} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING EVIDENCE ON ILLICIT SUBSTANCES, OTHER THAN PSILOCYBIN, THAT WERE ALLEGEDLY BEING USED IN THE PROPERTY LOCATED AT 340 COUNTY ROAD 1675, JEROMESVILLE, OHIO 44840, WHEN THE EVIDENCE WAS NOT RELEVANT TO THE ISSUE OF WHETHER THE PROPERTY WAS TO BE FORFEITED AS

'DISPROPORTIONATE TO THE SEVERITY OF THE OFFENSE' PURSUANT TO R.C. 2981.09."

{¶10} "II. THE TRIAL COURT'S SENTENCE OF APPELLANT WAS CONTRARY TO LAW FOR ORDERING THE FORFEITURE OF THE PROPERTY LOCATED AT 340 COUNTY ROAD 1675, JEROMESVILLE, OHIO 44840, WHERE THE FORFEITURE WAS BOTH GROSSLY DISPROPORTIONATE TO THE OFFENSES CHARGED AND EXCESSIVE, IN VIOLATION OF R.C. 2981.09, THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION."

{¶11} "III. THE FAILURE OF APPELLANT'S TRIAL COUNSEL TO PRESENT EVIDENCE ON THE FAIR MARKET VALUE OF THE PROPERTY LOCATED AT 340 COUNTY ROAD 1675, JEROMESVILLE, OHIO 44840, OR ON HARDSHIP TO APPELLANT IF THE PROPERTY WERE TO BE FOREITED, CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF APPELLANT'S RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

**I.**

{¶12} In the first Assignment of Error, the appellant argued the trial court erred in admitting evidence of illicit substances that were allegedly being used at the Property other than psilocybin. We disagree.

**STANDARD OF REVIEW**

**{¶13}** "Ordinarily, a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County*, 58 Ohio St.3d 269, 271 (1991). The appellate court must limit its review of the trial court's admission or exclusion of evidence to whether the trial court abused its discretion. *Id*. The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

**ANALYSIS**

**{¶14}** Initially, we note that "a judge [in a bench trial] is presumed to consider only the relevant, material, and competent evidence in arriving at a judgment, unless the contrary affirmatively appears from the record." *State v. Johnson*, 2015-Ohio-3113 (5th Dist.), ¶91. Indeed, the Ohio Supreme Court has held, "[i]n contrast to juries, judges are presumed to know the law and expected to consider only relevant, material, and competent evidence during their deliberations." *State v. Thomas*, 2002-Ohio-6624, ¶57.

**{¶15}** Evid.R. 402 states:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio. Evidence which is not relevant is not admissible.

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.

{¶16} R.C. §2981.09 states in pertinent part:

(A)     Property may not be forfeited as an instrumentality under this chapter to the extent that the amount or value of the property is disproportionate to the severity of the offense. The state or political subdivision shall have the burden of going forward with evidence and the burden to prove by clear and convincing evidence that the amount or value of the property subject to forfeiture is proportionate to the severity of the offense.

. . .

(C) In determining the severity of the offense for purposes of forfeiture of an instrumentality, the court shall consider all relevant factors including, but limited to, the following:

(1)     The seriousness of the offense and its impact on the community, including the duration of the activity and the harm caused or intended by the person whose property is subject to forfeiture;

(2)     The extent to which the person whose property is subject to forfeiture participated in the offense;

(3)     Whether the offense was completed or attempted;

(4)     The extent to which the property was used in committing the offense;

(5)     The sentence imposed for committing the offense that is the basis of the forfeiture, if applicable.

(D) In determining the value of the property that is an instrumentality and that is subject to forfeiture, the court shall consider relevant factors including, but not limited to, the following:

(1) The fair market value of the property;

(2) The value of the property to the person whose property is subject to forfeiture, including hardship to the person or to the innocent persons if the property were forfeited. The burden shall be on the person whose property is subject to forfeiture to show the value of the property to that person and any hardship to that person.

{¶17}  In the case *sub judice*, the appellee presented evidence of drug use at the house other than psilocybin over the appellant's objection. However, no other drug offense was charged. The appellant argues that the trial court inappropriately relied on evidence that is irrelevant to the Property's fair market value. However, criminal activity taking place at the Property, particularly drug activity, negatively impacts the Property's fair market value. Therefore, we find the trial court did not err in admitting evidence of crimes involving the Property other than the offense charged in the case *sub judice* while trying to determine if the value of the Property is disproportionate to the severity of the offense.

{¶18} Furthermore, assuming *arguendo*, the evidence admitted was irrelevant, the judge is presumed to consider only the relevant, material, and competent evidence in

arriving at a judgment, and the appellant points to nothing in the record affirmatively showing the contrary. *Johnson* at ¶91.

**{¶19}** Accordingly, the appellant's first Assignment of Error is overruled.

**II.**

**{¶20}** In the appellant's second Assignment of Error, the appellant argues the trial court's sentence ordering the forfeiture of the Property was contrary to law. We agree.

**STANDARD OF REVIEW**

**{¶21}** Felony sentences are reviewed under R.C. §2953.08(G)(2). *State v. Goings,* 2014-Ohio-2322, (6th Dist.), ¶20. An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 2016-Ohio-4759 (6th Dist.), ¶7, citing R.C. ¶2953.08(G)(2). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954).

**ANALYSIS**

**{¶22}** Again, R.C. §2981.09 states in pertinent part:

> (A)     Property may not be forfeited as an instrumentality under this chapter to the extent that the amount or value of the property is disproportionate to the severity of the offense. The state or political subdivision shall have the burden of going forward with evidence and

the burden to prove by clear and convincing evidence that the amount or value of the property subject to forfeiture is proportionate to the severity of the offense.

**{¶23}** The trial court judge found that "the Defendant has failed to prove by a preponderance of the evidence that the amount or value of the property is disproportionate to the severity of the offense." *State v. Jones*, Ashland County Court of Common Pleas No. 23 CRI 026 (Aug. 17, 2023). However, the statute places the burden of proof on the state or political subdivision to prove by clear and convincing evidence that the value of the Property is proportionate to the severity of the offense. "It has long been generally recognized as reversible error to place the burden of proof on the wrong party." R.C. §2981.09. *Voigt v. Chicago & Northwestern Ry. Co.*, 380 F.2d 1000, 1004 (8th Cir.1967). Therefore, the trial court judge erred in placing the burden on the appellant to prove the penalty was disproportionate to the severity of the offense.

**{¶24}** Accordingly, the appellant's second Assignment of Error is well-taken.

### III.

**{¶25}** Based upon our disposition of the second Assignment of Error, we find that the appellant's third Assignment of Error is rendered moot.

## CONCLUSION

{¶26}  For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio is reversed and remanded to the trial court for further proceedings consistent with this opinion.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.