**[Cite as *State v. Jones*, 2025-Ohio-3011.]**

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Kevin W. Popham, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. David M. Gormley, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 24-COA-041 |
| JODY JONES | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:    Appeal from the Ashland County Court of Common Pleas, Case No. 23-CRI-026

JUDGMENT:    Vacated and Remanded

DATE OF JUDGMENT ENTRY:    August 22, 2025

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
Ashland County Prosecutor
BY: JAMES B. REESE III.
Assistant Prosecutor
110 Cottage Street
Ashland, OH 44805

For Defendant-Appellant

BRIAN A. SMITH
123 S. Miller Road
Fairlawn, OH 44333

*Popham, P. J.,*

{¶1} In her direct appeal, Defendant-Appellant Jody Jones ("Jones") challenged the trial court's order forfeiting her property, a residence and nine-acre tract, located at 340 County Road 1675 in Jeromesville, Ohio 44840 (the "Property"). In *State v. Jones*, 2024-Ohio-2992 (5th Dist.) ("*Jones I*"), this Court reversed the forfeiture order, holding the trial court improperly placed the burden on Jones to prove the forfeiture was disproportionate to the severity of the offense. The burden of proof is on the State to prove by clear and convincing evidence that the value of the property is proportionate to the severity of the offense. R.C. 2981.09. The case was remanded for further proceedings.

{¶2} Following remand, the trial court held a status conference and permitted the parties to file written briefs and evidence concerning the value of the property. On November 1, 2024, both parties submitted written arguments and stipulated that, based on the Ashland County Auditor's records, the property's value was $176,810.

{¶3} On November 15, 2024, the trial court issued a new sentencing entry ordering forfeiture of the Property. The court found that the State proved by clear and convincing evidence that the Property had been used in the commission, or facilitation, of the offenses (set forth in Counts One and Two) and that the value of the Property was proportionate to the severity of the offense.

{¶4} Jones now appeals the trial court's renewed forfeiture order. For the reasons below, we vacate the order of forfeiture.

*Facts and Procedural History*

{¶5}   On January 13, 2023, Jones was indicted on three charges: Aggravated Possession of Drugs, a third-degree felony (R.C. 2925.11(A)/(C)(1)(b)), Having Weapons While Under Disability, a third-degree felony (R.C. 2923.13(A)(3)), and Permitting Drug Abuse, a first-degree misdemeanor (R.C. 2925.13(B)).  Forfeiture specifications for the firearms and Property were attached to the felony counts.

{¶6}   On August 3, 2023, Jones entered a plea agreement.  She pled guilty to Attempted Aggravated Possession of Drugs[1] (a fifth-degree felony), Having Weapons While Under Disability (a third-degree felony), and Permitting Drug Abuse (a first-degree misdemeanor).   T. *Change of Plea/Sentencing* at 6; 23. The agreement included amending the Aggravated Possession of Drugs (a third-degree felony) in Count One to an Attempted Aggravated Possession of Drugs (a fifth-degree felony) and a joint recommendation of a 24-month prison sentence, to run consecutively to a sentence in another case.  The parties stipulated to the forfeiture of the firearms but contested the forfeiture of the Property.  *Id.*

{¶7}   On August 3, 2024, the trial court held a hearing on the contested forfeiture.

*Forfeiture Hearing*

{¶8}   The Property included a 1,900 square foot, three-bedroom, two-bathroom home (the "residence") on a nine-acre tract, which Jones had inherited.  T. *Change of Plea/Sentencing*, Aug. 3, 2023 at 46.  Deputy Andrew Forsthoefel of the Ashland County Sheriff's Office testified that law enforcement began surveillance of the residence after

---

[1] We note that in *Jones I* we incorrected stated that Jones pled guilty to Aggravated Possession of Drugs.  *Id.* at ¶¶ 4, 7.

receiving a tip about suspected drug use occurring at the Property. *Id.* at 35. Surveillance was conducted over approximately three months. *Id.* at 36. Jones and Alton Grose were observed at the property multiple times. *Id.* at 35. Photographs of the property were entered into evidence. *Id.* at 67; State's Exhibit 1.

{¶9} Deputy Forsthoefel testified that law enforcement did not place a GPS tracker on Jones' vehicle because her visits to the residence were sporadic and unpredictable. However, a tracker was placed on Grose's vehicle because he was regularly at the Property. T. *Change of Plea/Sentencing*, Aug. 3, 2023 at 36-37.

{¶10} Deputy Rick Kinter testified that six to ten cars would visit the Property each day, with multiple visits per hour. T. *Change of Plea/Sentencing*, Aug. 3, 2023 at 54. Visitors often entered the residence for only a few minutes before leaving, and some were known drug users. *Id.* at 54-55. Officers conducted "trash pulls" and recovered over thirty plastic baggies, with some containing cocaine residue, as well as drug paraphernalia including glass pipes. *Id.* at 38; 54-55.

{¶11} A search warrant was later executed. T. *Change of Plea/Sentencing*, Aug. 3, 2023 at 39. Officers discovered crack cocaine and drug paraphernalia in plain view in the living room, as well as additional crack cocaine in the attic. *Id.* at 40; 50. In a locked bedroom, officers found marijuana, psilocybin mushrooms, two handguns, two long guns, and mail and prescription bottles bearing Jones's name. *Id.* at 41; 48. Deputy Forsthoefel testified Jones admitted she stayed in the locked bedroom when she visited the residence and acknowledged that she knew the mushrooms were there. *Id.* at 44; 48. Deputy Forsthoefel testified Jones was charged with possession of only psilocybin mushrooms. *Id.*

{¶12} Officer Luke Wenrick testified that Jones had been arrested at the home on two occasions but stated that he had not observed drugs or paraphernalia in plain view during those visits. T. *Change of Plea/Sentencing*, Aug. 3, 2023 at 64; 66.

*Assignment of Error*

{¶13} Jones raises the following assignment of error for our consideration,

{¶14} "I. THE TRIAL COURT'S SENTENCE OF APPELLANT WAS CONTRARY TO LAW FOR ORDERING THE FORFEITURE OF THE PROPERTY LOCATED AT 340 COUNTY ROAD 1675, JEROMESVILLE, OHIO 44840, WHERE THE FORFEITURE WAS DISPROPORTIONATE TO THE SEVERITY OF THE OFFENSES, GROSSLY DISPROPORTIONATE TO THE OFFENSES CHARGED, AND EXCESSIVE, IN VIOLATION OF R.C. 2981.09, THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION."

{¶15} Jones argues two points: 1) The State failed to prove by clear and convincing evidence that the value of the subject property is proportionate to the severity of the offenses and not grossly disproportionate to the offenses with which Jones was charged; and 2) The forfeiture is an "excessive fine" prohibited by the Excessive Fine Clauses of the Ohio and United States Constitutions.

*Standard of Review*

{¶16} A forfeiture action, while criminal in nature, is a civil proceeding against the seized property. *State v. Lilliock*, 70 Ohio St.2d 23 (1982) (construing former R.C. 2933.14). The trier of fact determines whether the property is subject to forfeiture. R.C. 2941.1417(B). Under R.C. 2981.09(A) and 2981.04(B), governing forfeiture, "the trier of fact shall return a verdict of forfeiture that specifically describes the extent of the property

subject to forfeiture." The defendant has a statutory right to trial by jury on the forfeiture issue. R.C. 2981.08(A).

{¶17} The trier of fact is in the best position to resolve questions of fact and to evaluate witness credibility. *See State v. Dunlap*, 73 Ohio St.3d 308, 314 (1995); State *v. Fanning*, 1 Ohio St.3d 19, 20 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See, Dunlap; State v. Long*, 127 Ohio App.3d 328, 332 (4th Dist. 1998); *State v. Hill*, 2024-Ohio-522, ¶ 16 (5th Dist.); *In re Hill*, 2009-Ohio-174, ¶ 40 (5th Dist.); *State v. $5,839.00 in U.S. Currency*, 2018-Ohio-624, ¶ 12 (6th Dist.); *In re S.L.,* 2010-Ohio-1440, ¶10 (8th Dist.).

{¶18} Here, Jones argues that the trial court's forfeiture order is contrary to law.

{¶19} "Where the argument addresses an issue of law, such as whether the judgment is contrary to law or the court made an error of law, this court reviews that decision de novo, or without deference to the trial court's decision." *Gateway Consultants Group, Inc. v. Premier Physicians Ctrs., Inc*., 2017-Ohio-1443, ¶ 12 (8th Dist.). *See State v. Fugate*, 2008-Ohio-856, ¶ 6 (when a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate).

{¶20} The Supreme Court of Ohio has made it clear that trial courts lack discretion to make errors of law and that questions of law are reviewed de novo:

> [A] court does not have discretion to misapply the law. A court has discretion to settle factual disputes or to manage its docket, for example, but it does not have discretion to apply the law incorrectly. That is why courts apply a de novo standard when reviewing issues of law.

We take this opportunity to make it clear that courts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule.

(Citation omitted.) *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 38-39.

## Forfeiture Statutes

{¶21} R.C. 2981.02, Property Subject to Forfeiture, provides:

(A)(1) The following property is subject to forfeiture to the state or a political subdivision under either the criminal or delinquency process in section 2981.04 of the Revised Code or the civil process in section 2981.05 of the Revised Code:

(a) Contraband involved in an offense;

(b) Proceeds derived from or acquired through the commission of an offense;

(c) An instrumentality that is used in or intended to be used in the commission or facilitation of any of the following offenses when the use or intended use, consistent with division (B) of this section, is sufficient to warrant forfeiture under this chapter:

(i) A felony;

(ii) A misdemeanor, *when forfeiture is specifically authorized by a section of the Revised Code or by a municipal ordinance that creates the offense or sets forth its penalties;*

(iii) An attempt to commit, complicity in committing, or a conspiracy to commit an offense of the type described in divisions (A)(3)(a) and (b) of this section.

(B) In determining whether an alleged instrumentality was used in or was intended to be used in the commission or facilitation of an offense or an attempt, complicity, or conspiracy to commit an offense in a manner sufficient to warrant its forfeiture, the trier of fact shall consider the following factors the trier of fact determines are relevant:

(a) Whether the offense could not have been committed or attempted but for the presence of the instrumentality;

(b) Whether the primary purpose in using the instrumentality was to commit or attempt to commit the offense;

(c) The extent to which the instrumentality furthered the commission of, or attempt to commit, the offense.

Emphasis added.

R.C. 2981.04 Specification concerning forfeiture petitions, provides,

(A)(1) Property described in division (A) of section 2981.02 of the Revised Code may be forfeited under this section *only if the complaint, indictment, or information charging the offense or municipal violation, or the complaint charging the delinquent act, contains a specification of the type described in section 2941.1417 of the Revised Code that sets forth all of the following to the extent it is reasonably known at the time of the filing:*

(a) The nature and extent of the alleged offender's or delinquent child's interest in the property;

(b) A description of the property;

(c) If the property is alleged to be an instrumentality, the alleged use or intended use of the property in the commission or facilitation of the offense.

(2) If any property is not reasonably foreseen to be subject to forfeiture at the time of filing the indictment, information, or complaint, the trier of fact still may return a verdict of forfeiture concerning that property in the hearing described in division (B) of this section if the prosecutor, upon discovering the property to be subject to forfeiture, gave prompt notice of this fact to the alleged offender or delinquent child under Criminal Rule 7(E) or Juvenile Rule 10(B).

(B) If a person pleads guilty to or is convicted of an offense or is adjudicated a delinquent child for committing a delinquent act *and the complaint, indictment, or information charging the offense or act contains a specification covering property subject to forfeiture under section 2981.02 of the Revised Code,* the trier of fact shall determine whether the person's property shall be forfeited. If the state or political subdivision proves by a preponderance of the evidence that the property is in whole or part subject to forfeiture under section 2981.02 of the Revised Code, *after a proportionality review under section 2981.09 of the Revised Code when relevant,* the trier of fact shall return a verdict of forfeiture that specifically

describes the extent of the property subject to forfeiture. If the trier of fact is a jury, on the offender's or delinquent child's motion, the court shall make the determination of whether the property shall be forfeited.

Emphasis added.

{¶22} R.C. 2981.09 states in pertinent part:

(A) Property may not be forfeited as an instrumentality under this chapter to the extent that the amount or value of the property is disproportionate *to the severity of the offense.* The state or political subdivision shall have the burden of going forward with evidence and the burden to prove by clear and convincing evidence that the amount or value of the property subject to forfeiture is proportionate *to the severity of the offense.*

…

(C) In determining *the severity of the offense* for purposes of forfeiture of an instrumentality, the court shall consider all relevant factors including, but not limited to, the following:

(1) The *seriousness of the offense* and its impact on the community, including the duration of the activity and the harm caused or intended by the person whose property is subject to forfeiture;

(2) The extent to which the person whose property is subject to forfeiture participated in *the offense*;

(3) Whether *the offense* was completed or attempted;

(4) The extent to which the property was used in committing *the offense;*

(5) The sentence imposed for committing *the offense* that is the basis of the forfeiture, if applicable.

Emphasis added.

{¶23} Here, the parties agree that Count One and Count Two of the Indictment each contained a specification seeking forfeiture of the subject Property. On remand the parties stipulated that the Property's value was $176,810, based on the Ashland County Auditor's records.

### Strict Construction of Forfeiture Statutes

{¶24} This Court must construe R.C. 2981.04 and R.C. 2981.09 strictly, mindful of the long-standing principle that forfeitures are disfavored in both law and equity. *State v. Baumholtz*, 50 Ohio St.3d 198, 202 (1990); *Ohio Dept. of Liquor Control v. Sons of Italy Lodge 0917*, 65 Ohio St.3d 532, 534 (1992); see also *State v. Lilliock*, 70 Ohio St.2d 23, 25 (1982); *Kiser v. Logan Cty. Bd. of Commrs.*, 85 Ohio St. 129, 131 (1911). Such strict construction protects property owners from unjust deprivation and ensures forfeiture remains an extraordinary remedy.

{¶25} This Court's inquiry centers on legislative intent. We look first to the statutory language, interpreting all words in their context and consistent with ordinary usage. *Gabbard v. Madison Local School Dist. Bd. of Edn.*, 2021-Ohio-2067. We give effect to the language enacted by the General Assembly, refraining from adding or subtracting words. *Columbia Gas Trans. Corp. v. Levin*, 2008-Ohio-511. Where the statutory

language is clear and unambiguous, we apply it as written. *Zumwalde v. Madeira & Indian Hill Joint Fire Dist.,* 2011-Ohio-1603.

{¶26} Turning to the facts of this case, Jones pled guilty to attempted aggravated possession of drugs (a fifth-degree felony), having weapons while under disability (a third-degree felony), and permitting drug abuse (a first-degree misdemeanor). Notably, separate forfeiture specifications - for both the property and weapons - were attached only to the first two counts – the felony counts of attempted aggravated possession and weapons under disability. The property forfeiture specifications provided,

> The Grand Jurors further find and specify that the offense…was committed while [Jones] is the owner and/or possessor of property, to wit: *a residence* located at 340 County Road 1675, Jeromesville, Ohio 44840 which was contraband and/or property derived from or through the commission or facilitation of the offense and/or was an instrumentality the offender used or intended to use in the commission or facilitation of the offense and is subject to forfeiture pursuant to R.C. 2941.1417(A), 2981.02 and 2981.04 of the Revised Code. (Emphasis added).

{¶27} The property forfeiture specifications did not specifically identify the nine-acre tract surrounding the "residence" as being used as an instrumentality, or being used to facilitate, the offenses of attempted aggravated possession and having weapons while under a disability. Notably, there was no property forfeiture specification attached to the misdemeanor Count Three - Permitting Drug Abuse.

{¶28} Evidence introduced at the hearing established that Jones acquired the residence lawfully by inheritance. There was no indication that the property itself - aside

from the residence - was contraband or purchased with, or derived from, proceeds from unlawful conduct.

**Analysis of the Offenses and Property Relationship**

{¶29} Although the State and trial court relied on evidence of Jones's activity in Richland County, Jones pled guilty only to attempted aggravated possession of drugs, having weapons while under disability, and permitting drug abuse[2] in the Ashland County case.

{¶30} R.C. 2981.09 confines the forfeiture analysis strictly to *the offense* to which the forfeiture specification attaches.  So too, the Supreme Court of Ohio has clarified that property may only be forfeited if it was used, or intended to be used, to commit or facilitate the crime, requiring the property to be "an integral part of *the specified illegal activity*." *State v. Hill*, 70 Ohio St.3d 25, 31 (1994) (emphasis added).

{¶31} Regarding property forfeiture for drug related activity at the Property, Jones's charge under R.C. 2925.13, Permitting Drug Abuse, is a first-degree misdemeanor and carried no forfeiture specification.  Therefore, the trial court lacked authority to order forfeiture on this misdemeanor count.  *See State v. Haymond*, 2009-Ohio-6817, ¶ 35 (5th Dist.), *citing State v. Coleman*, 2009-Ohio-1611, ¶ 76 (8th Dist.).  Absent explicit statutory or municipal authorization, forfeiture of real property cannot be imposed on misdemeanor permitting drug abuse offenses.  See R.C. 2981.02(A)(1)(c)(ii); R.C. 2925.13(F).

---

[2] We recognize that in our prior opinion, we found that the trial court did not err in admitting evidence of other crimes involving the Property.  However, we found that the evidence was admissible for establishing the fair market value of the property. 2024-Ohio-2992.  ¶17.  However, on remand, the parties stipulated to the fair market value of the property. In *Jones I*, we further found, "Furthermore, assuming arguendo, the evidence admitted was irrelevant, the judge is presumed to consider only the relevant, material, and competent evidence in arriving at a judgment, and the appellant points to nothing in the record affirmatively showing the contrary.  *Johnson I* at ¶ 91." *Id.* at ¶19.

{¶32} Jones's plea to Attempted Aggravated Possession, the lowest level felony – F5, was based solely on the presence of psilocybin mushrooms that were found in a locked bedroom inaccessible to others. Jones is not guilty of any felony offense related to any other drugs located within the residence. Attempted aggravated possession of drugs can be accomplished by concealing the drugs in a purse, pocket, or a bodily cavity, negating the necessity of the Property's involvement in the commission of the offense of attempted aggravated possession of drugs. We find that forfeiture of nine acres, including the residence, with a stipulated value of $176,810, is disproportionate to the severity of this F5 felony, which was based solely on Jones's possession of psilocybin mushrooms inside a locked room of the residence.

{¶33} While the facts may logically support a finding that the residence was used for significant, illicit, drug-related activity, this Court is constrained by the law, the manner in which Jones was indicted, and the State's agreement to a plea on the most serious drug-related offense, thus reducing such offense to the least serious felony (F5). Under the law, we must review the proportionality of the offense (not the activity) to the forfeiture. Moreover, the record lacks evidence that the nine-acre Property, other than the residence, was used for drug-related activity.

### Consideration of Weapons While Under Disability Conviction

{¶34} The parties agree Jones was prohibited from possessing firearms. However, this disability is distinct from forfeiture consequences under R.C. Chapter 2981. The firearms are not contraband per se solely due to Jones's disability. *See State v. Brimacombe*, 2011-Ohio-5032, ¶ 68 (6th Dist.); *Cleveland v. Fulton*, 2008-Ohio-4702, ¶¶ 27–36 (8th Dist.); *City of Dayton v. Boddie*, 19 Ohio App.3d 210, 211 (2d Dist. 1984).

{¶35} Moreover, R.C. 2923.14 allows individuals to seek relief from weapons disability by an individualized showing of qualification. *See State v. Harris*, 2025-Ohio-692, ¶ 18 (5th Dist.); *State v. Windland*, 2024-Ohio-1827 (5th Dist.); *State v. Skaggs*, 2024-Ohio-4781, ¶ 28 (5th Dist.).

{¶36} Here, the weapons, two pistols and two long guns, were secured inside a closet and a dresser drawer in a locked bedroom requiring a key to enter. No evidence indicated that Jones or others brandished, or otherwise manifested possession of, the firearms during the over three months of surveillance conducted by law enforcement. Forfeiture of the residence and the nine-acre property under the weapons count, when the weapons themselves have been forfeited and Jones may seek relief from such disability, is disproportionate to the severity of this possession-of-weapons-under-disability offense.

### Excessive Fine Considerations

{¶37} Appellant raises as error that the forfeiture was excessive, in violation of the Eighth Amendment to the United States Constitution, and Article I, Section 9 of the Ohio Constitution. Because Jones's "nonconstitutional arguments are dispositive," we decline to address his arguments alleging violations of his constitutional rights. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, ¶ 9. "Under the constitutional avoidance doctrine, a court 'will not reach constitutional issues unless absolutely necessary.'" *Columbus v. Coleman*, 2022-Ohio-4478, ¶ 10 (10th Dist.), quoting *Talty* at ¶ 9

### Conclusion

{¶38} Having carefully considered the record, the arguments presented, and applicable Ohio law, we conclude that forfeiture of Jones's residence, including the

Property comprised of the surrounding nine acres, is disproportionate, and bears no substantial relationship, to the offenses for which she ultimately pled guilty.

{¶39} The residence and surrounding nine acres were not "an integral part of the specified illegal activity" to which Jones pled guilty. The Property was neither instrumental to the crimes to which Jones pled guilty, nor necessary to their commission. Jones did not reside on the Property, and her visits were infrequent and sporadic. Even if the residence relates tangentially to permitting drug abuse, no forfeiture specification or statutory authority supports forfeiture on that basis.

{¶40} Jones's sole assignment of error is sustained.

{¶41} The judgment of the Ashland County Court of Common Pleas ordering forfeiture of Jones's residence and surrounding nine-acre tract located at 340 County Road 1675, Jeromesville, Ohio, 44840 is vacated. This decision in no way affects the trial court's sentence of Jones. It only affects the order of forfeiture.

{¶42} The case is remanded for further proceedings consistent with this decision.

By Popham, P. J.,

Baldwin, P.J, and

Gormley, J., concur